```
I3FJMIDC                    Conference
```

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   UNITED STATES OF AMERICA,
4            v.                        18 Cr. 36 JPO
5   DAVID MIDDENDORF, et al.,
6            Defendants.
7   ------------------------------x
8                                     March 15, 2018
                                      2:40 p.m.
9

10

11  Before:
12                  HON. J. PAUL OETKEN,
13                                      District Judge
14

15                   APPEARANCES
16  GEOFFREY S. BERMAN,
         Interim United States Attorney for the
17       Southern District of New York
    REBECCA G. MERMELSTEIN,
18  AMANDA K. KRAMER,
         Assistant United States Attorneys
19

20  PERILLO KLEIN & BOXER, LLP,
         Attorneys for defendant Middendorf
    BY:  NELSON A. BOXER, Esq.
21       AMY R. LESTER, Esq.
         ALEXANDRA REBECCA CLARK, Esq.
22       - and -
    BRUCH HANNA, LLP
23  BY:  GREGORY S. BRUCH, Es.
         KHIRAN SIDHU, Esq.
24             Of counsel
25
```

I3FJMIDC                    Conference

APPEARANCES (Continued)


CAHILL GORDON & REINDEL, LLP,
     Attorneys for defendant Whittle
BY:  NOLA BREGLIO HELLER, Esq.
     BRADLEY JOSEPH BONDI, Esq.
               Of counsel



ORRICK, HERRINGTON & SUTCLIFFE, LLP
     Attorneys for defendant Britt
BY:  MELINDA L. HAAG, Esq.
     ROBERT M. STERN, Esq.
     MATTHEW R. SHAHABIAN, Esq.
               Of counsel


THOMPSON HINE, LLP
     Attorneys for defendant Holder
BY:  NORMAN A. BLOCH, Esq.
     EMILY J. MATHIEU, Esq.
               Of counsel


BROWN RUDNICK
     Attorneys for defendant Wada
BY:  STEPHEN COOK, Esq.
     JUSTIN WEDDLE, Esq.
               Of cousel


Also Present:
     LYESON DANIEL,
     United States Postal Inspector

1          (In open court)

2          (Case called)

3          THE COURT:  Welcome.  This is a status conference, as

4     we arranged at the last conference.  I want to go over a few

5     things, the schedule as well as the status of discovery

6     production, and I also want to schedule hearings related to

7     potential conflicts of counsel, known as Curcio hearings.

8          As you know, I received a number of letters related to

9     Curcio hearings.  I don't think we'll do that today, but I

10    think ideally I'll try to schedule that today.

11         I have set a trial date for October 15th.  My hope is

12    we can keep that trial date, but I know, before I confirm that,

13    I want to get a status on how discovery production and review

14    is going.  Let's start with, you all know what the case is

15    about, five counts, conspiracy to defraud the United States as

16    well as conspiracy to commit wire fraud, and three substantive

17    wire fraud counts.

18         At the last conference, the government indicated Phase

19    I of discovery would be ideally done by February 8th and Phase

20    II production would be February 22nd.  What is the status?  Has

21    that all been produced?

22         MS. MERMELSTEIN:  Your Honor, 97 percent has been

23    produced.  We produced in February search warrant affidavits,

24    emails obtained pursuant to those search warrants, relevant

25    text messages from search warrants on the defendants' phones,

I3FJMIDC                    Conference

1    documents produced by the SEC, KPMG, PCAOB.  Those represent

2    the last discovery in this case.

3          There are a handful of documents from other

4    custodians, subscriber information and toll records from email

5    accounts, bank and financial records.  In an effort to assist

6    the defendants in their review, pursuant to their request, in

7    February we provided a list of anonymized entities that were

8    not identified in the indictment, together with lists of all of

9    the issuers, were on the 15th, 20th, and 27th lists from PCAOB,

10   and we produced a handful of additional documents from KPMG as

11   they came in, things we received after the initial discovery

12   deadline.

13         What that leaves in terms of production is the

14   following:  Next week we have for the defendants photos and

15   videos taken from during the search warrant of Ms. Holder's

16   home and an additional production of documents from KPMG we

17   recently received just south of 2,000 documents.

18         The outstanding items are as follows:  We are told by

19   KPMG they have about 2000 additional documents they're

20   preparing to produce to us.  Those are in three categories.

21   About 400 relate to work papers, 500 are hard copy documents

22   collected during the initial investigation, and 500 relate to

23   the hiring of Brian Sweet.  We will turn them around as soon as

24   we have them, and I expect the defendants will have them

25   shortly.

I3FJMIDC                    Conference

 1          The one -- and it is a small quantity -- the one

 2     challenge, we have had enormous technological difficulties with

 3     the cell phones.  Every time they get loaded, they crash the

 4     computer they're on.  Most of what I expect will be responsive

 5     to the search warrants has been produced already, which is to

 6     say, the text messages.

 7          There are a handful, however, of other things from the

 8     phones that are responsive.  That includes internet browsing

 9     history.  There are a handful of photos that are responsive.

10     We are having trouble getting them off the phones, as a

11     technological matter.  I am optimistic we will have it done

12     shortly.  I would say it may take several more weeks to get

13     that resolved.  I don't think as a practical matter it is a

14     significant volume or significant kind of discovery, so I don't

15     think that should necessitate any delay, but that is the

16     status.

17          THE COURT:  There was reference to a related SEC civil

18     proceeding, and it wasn't clear at the point of the last

19     conference whether that was going to be stayed?

20          MS. MERMELSTEIN:  It has been stayed.

21          THE COURT:  I believe the government has provided

22     proposed language for the Curcio hearings.  As I understand it,

23     defendants Middendorf, Whittle, Britt and Holder all require

24     Curcio hearings.  I think I received letters from both sides as

25     to those and not defendant Wada.  Is that right?

I3FJMIDC                    Conference

1          MR. COOK:  That's correct.

2          THE COURT:  Going back to discovery, is there anything

3     any of the defense counsel want to tell me in terms of

4     discovery?

5          MR. BOXER:  Not from us, your Honor.

6          MS. HELLER:  Not from us at this time.

7          MR. BLOCH:  As far as the execution of the search

8     warrant at her home, approximately five electronic devices were

9     seized and not returned to us, including non-telephonic

10    devices, in particular external hard drives, and we provided a

11    hard drive to the government shortly after our last conference

12    in order to receive that material, and we haven't received it

13    and it wasn't mentioned by the government just now.  We would

14    like to have that.

15         THE COURT:  Can you provide a status on that.

16         MS. MERMELSTEIN:  I thought it had gone out.  If it

17    hadn't, we will give it immediately, give all the defendants

18    responsive documents from those devices and hard drives.  Ms.

19    Holder can have all of them and we'll get those done.

20         THE COURT:  Are there any other discovery issues

21    anyone wants to raise?  All right.

22         We'll get to the scheduling of Curcio hearings in a

23    minute.  I did receive a letter I believe yesterday regarding

24    the briefing on the anticipated motion to dismiss the

25    indictment, and as I understand it -- this is for Mr. Stern,

I3FJMIDC                    Conference

1    counsel for Mr. Britt -- as I understand it, the request is

2    that the parties who are moving to dismiss, which I understand

3    to include defendants Britt, Middendorf, Whittle and Holder,

4    would like 50 pages for a joint brief, plus additional pages

5    for defendant-specific briefs, to total 100 pages in total, as

6    I understand it.

7            Does the government have -- that is a lot of pages,

8    but I am okay with it -- does the government have any issues

9    either way?

10           MS. MERMELSTEIN:  We don't have any position on how

11   many pages they should have.

12           MS. HELLER:  Your Honor, one request from defendant

13   Whittle -- we discussed this with the government and all of the

14   counsel for the other defendants -- we would ask the court for

15   an additional two weeks, until April 13th, for the deadline to

16   file motions to dismiss.

17           As your Honor knows, we were retained on February

18   12th, which was about two weeks behind everyone else.  We were

19   actually one of the only teams, if not the only team, that

20   didn't have any prior familiarity with the case.  We have been

21   drinking from a fire hose in terms of facts and law, and there

22   are fairly complex issues.  We are confident we will be able to

23   file on the 13th.

24           What we are using the time to do is really streamline

25   and hope we will be able to join, and if we have to file

1    anything separately, it will be as short and concise as

2    possible.  So we have discussed with the government and other

3    counsel, and no one else objects to that date, if it is all

4    right with your Honor?

5            THE COURT:  You said April 13th?

6            MS. HELLER:  Right.  That would be two weeks from the

7    13th.

8            THE COURT:  Yes.

9            MS. HELLER:  That would be our request.

10            THE COURT:  The government is okay with that?

11            MS. MERMELSTEIN:  Yes, your Honor.

12            THE COURT:  No defendant has an issue with that?  All

13    right.  That is fine.  So the motion to dismiss will be filed

14    on April 13th.  I forget how many weeks I gave the government

15    before?

16            MS. MERMELSTEIN:  I don't think we actually set a

17    deadline for the government's opposition brief.  I think that

18    in light of the length of the motion and both Ms. Kramer and I

19    will be on long securities fraud trials in April, separate

20    ones, we ask for four weeks.

21            THE COURT:  April 13th for defendant's motion and

22    briefs, May 11th for the government's opposition.  Defendants,

23    want to do a reply brief?  All right.  How about May 25th, two

24    weeks for the reply, May 25th.

25            I may schedule a conference when we get to the end,

I3FJMIDC                    Conference

1   but before I determine whether we'll need -- I probably will

2   have oral argument on it, but we'll decide that at the end of

3   the conference.

4               MR. COOK:  Mr. Wada will also be filing a motion to

5   dismiss, although we will not be on the joint brief being

6   submitted.

7               THE COURT:  You made me twitch.

8               Now I have 125 pages?

9               MR. COOK:  We will, however, attempt not to overlap

10  with any arguments made by the other parties.  We would ask

11  your Honor that we be given the opportunity to submit an

12  application for more than 25 pages, in the unlikely event that

13  becomes necessary.

14              THE COURT:  You can always ask.  You are not going to

15  be joining the joint brief?

16              MR. COOK:  We may join some of the arguments.  We will

17  not be on the brief.

18              THE COURT:  Fair enough.  You will go with the same

19  dates, the same deadlines?

20              MR. COOK:  Yes.

21              THE COURT:  Okay.

22              MS. HAAG:  Just so you know, we have agreed to share

23  the draft brief with counsel for Mr. Wada, so they can make

24  that determination.

25              THE COURT:  We need to schedule the Curcio hearings,

1    and other than that, I think I would probably want to schedule,

2    have something on the calendar for a few weeks after the reply

3    brief, so it would be oral argument on the motion, assuming I

4    need oral argument, and also just a general status conference

5    to address any other issues that arise.

6             Why don't I look at June.  How is Thursday, June 7th?

7    Is that your trial?

8             MS. MERMELSTEIN:  Certainly I will still be on trial

9    at this point.  Ms. Kramer may as well.

10            MS. KRAMER:  If I am not, I will not be in the 7th or

11   the 11th because I will seeing my family for the first time in

12   eight weeks.

13            THE COURT:  Okay.  How about the 12th, June 12th?

14            MS. MERMELSTEIN:  That is fine.  If I am still on

15   trial, they will proceed without me.

16            THE COURT:  Ms. Kramer, that will work for you?

17            MS. KRAMER:  Yes.

18            THE COURT:  Does any defendant have a problem with

19   June 12th, as far as you know?

20            Let's do the afternoon of June 12th.  Can we make it

21   2:30 pm, June 12th.  That will be a status conference and oral

22   argument, if necessary, on the motion.  June 12th, 2018, 2:30

23   pm, here in this courtroom.

24            In terms of Curcio hearings, if it works, I would like

25   to schedule them back-to-back for the four Curcio hearings we

1    need to schedule.  I was looking at April 2nd.  If any people

2    could do Monday, April 2nd?  Are you all in a position to go

3    ahead and schedule those?

4            MS. HAAG:  Yes, your Honor.

5            THE COURT:  I'll go down the line.

6            MR. BOXER:  That is fine for us, your Honor.

7            THE COURT:  Yes?

8            MS. HELLER:  I may have a conflict in the early

9    afternoon.  If your Honor is inclined to have a morning time

10   slot, I would ask for that.

11           THE COURT:  Okay.  Sorry.  Middendorf.  You represent

12   Mr. Whittle?

13           MS. HELLER:  Yes, your Honor.

14           THE COURT:  And Mr. Britt's counsel?

15           MS. HAAG:  April 2nd is fine.

16           THE COURT:  Ms. Holder's counsel, can you do April

17   2nd?

18           MR. BLOCH:  Sunday, April 1st, is Easter Sunday and

19   Ms. Holder will be flying in from Houston.  She would like to

20   come in the night before so we don't have any misses.  If it

21   could be on the 3rd, we can do it.

22           THE COURT:  Would others prefer the 3rd, because I can

23   do the 3rd as well?

24           MR. BOXER:  No preference for us.

25           MS. HELLER:  No preference for us.

I3FJMIDC                    Conference

1      MS. HAAG:  The 3rd is fine.

2      THE COURT:  Why don't we do them on the 3rd, at 2:00

3   o'clock, 2:00, 2:30, 3:00, 3:30.  You all can decide which of

4   those slots you want.  I'll put them all back-to-back.  All

5   right, the Curcio hearings will be April 3rd, 2:00 o'clock in

6   this courtroom.  I think that covers the issues I need to

7   address.  Let me ask if there is anything else anybody else

8   wanted to address?  Otherwise, I will see you on the date.

9      MS. HAAG:  We would respectfully request, and I

10   certainly heard what the court said about the October 15th

11   date, but we respectfully request to move the trial six

12   additional months, to April 15th of 2019.

13      We have not, as you know at the last appearance, we

14   have not received any discovery at all.  We knew something

15   about the case.  We are in a better position than Mr. Whittle's

16   counsel, but we didn't know as much as we know today.  In our

17   experience, this is a complex case from the defense

18   perspective.  We do believe that it will require significant

19   preparation.

20      THE COURT:  Seven months from today?

21      MS. HAAG:  I understand, your Honor.  We have looked

22   at everything.  We believe it requires significant preparation.

23      I, of course, don't want to reveal too much defense

24   strategy, but it is fair to say, and it is obvious to say, this

25   is a case that calls for experts, so among other things, we

1    need to locate an expert, identify an expert, bring them on

2    board, give them time to review materials and to submit an

3    opinion to us on various issues.

4            One of those experts I think on the work papers Ms.

5    Mermelstein referred to will be quite relevant to and I do

6    believe we may have a discovery issue around that.  It is my

7    understanding that the government is taking the position that

8    it will produce, and is only required to produce, selected

9    papers, selected documents from the work papers.

10           I think it is possible once we consult with an expert,

11   that expert is going to believe we need the work papers in

12   their entirety, and that will be an issue that we'll, of

13   course, try to work out with the government.

14           That is one issue with respect to significant

15   preparation.  Of course, we believe that we're submitting a

16   substantial motion to dismiss for the court.  These are really

17   interesting, meaty issues.  This is not a run-of-the-mill

18   motion to dismiss.  What we are looking at now, while we are

19   looking at a June hearing and, of course, we expect the court

20   to need some time to consider the issues and then issue a

21   ruling, and then depending on the court's ruling, of course, if

22   the court dismisses this case, we won't need to worry about a

23   trial date.

24           If the court does something short of that, what the

25   court rules I think will shape this case significantly.  We're

1    also -- and the court will hear more detail about this in the

2    Curcio hearing -- in the process of retaining conflict counsel.

3    There is one aspect of this case we are not able to handle and

4    we need to bring in conflict counsel.  We have interviewed a

5    number of people for that position.  We will make a decision,

6    the client will make a decision before the Curcio hearing, so

7    we'll be able to share with the court who that is.  That person

8    is going to need to come up to speed starting at that point in

9    time.

10          Then finally, your Honor, with respect to the October

11   date, I have a trial set in San Francisco September 17th with a

12   three-week trial estimate.  For all of those reasons, we

13   respectfully request to move this trial six months beyond the

14   date it is currently set.

15          We submit and, of course, it is for the court to

16   decide, it is a reasonable request based on the complexity of

17   the case certainly from the defense perspective.  We believe we

18   need that time to competently represent Mr. Britt at trial, and

19   so we do make that request.

20          THE COURT:  Okay.  Let me hear other people's

21   position.  Mr. Boxer?

22          MR. BOXER:  I am fine letting the government go first.

23   I do have something to add.

24          MS. MERMELSTEIN:  We object to that, your Honor, for a

25   number of reasons.  I think it is obviously always complicated

1    to set a trial date with this many lawyers.

2            This trial date was set in January when everyone said

3    they would be here.  Other conflicts should have to be worked

4    around.  With respect to work papers, so it is clear, the

5    government produced to defendants every work paper in our

6    possession.  We are not holding anything back.  If the

7    defendants think there are documents the government didn't get

8    from KPMG they need, we are happy to have those conversations.

9    There is nothing that hasn't gone out.

10           With respect to the complexity of the case, I guess

11   we'll have to agree to disagree.  I don't think it is that

12   complicated.  For a securities fraud case of this size, it is

13   not charged as a securities fraud as a complicated matter.  It

14   is not that complicated, the facts and documents are not that

15   complicated.  The evidence is straightforward.

16           The volume of documents is, by my count, 75,000

17   documents so far.  In a white collar case in the trial I start

18   in three weeks, there are three million.  It is not that

19   complicated.  As your Honor pointed out, seven months is a long

20   time.  We are not talking starting a trial in the short term,

21   so we can move forward.

22           MR. BOXER:  On behalf of Mr. Middendorf, we very much

23   would like to keep the October trial date.  His arrest and

24   indictment has had severe consequences on my client, both

25   personally and professionally, and I think he is entitled to at

I3FJMIDC                    Conference

1   least a reasonably speedy trial.  As we say, it is seven months

2   away, and to wait 16 months from his arrest to trial is just

3   not in his best interests.  I can't comment on counsel's

4   ability to be prepared or the issues she raised, but I can say

5   in our experience, and based on what we have seen, we are very

6   confident we can be prepared in mid-October.  To wait 16 months

7   with the case hanging over his head just doesn't seem

8   appropriate to us.  For that reason and those reasons, we very

9   much would like to keep the October date.

10          THE COURT:  Thank you.  Ms. Heller.

11          MS. HELLER:  Yes, your Honor, we do join in Mr.

12   Britt's request for an adjournment.  I am not sure we believe

13   an adjournment quite as long as to April is necessary, but I

14   look at it from a practical perspective.  The expert issue I

15   think is the most salient one here.  It is going to take some

16   time to locate an expert.

17          There are a lot of experts that have conflicts,

18   unfortunately, and given the accounting and auditing world is

19   somewhat of a small world, and there are a lot of folks we have

20   approached that are unable to assist from the defense side, it

21   will take some time, has taken some time.  We have been working

22   had and it will continue to take time.

23          Then there is the issue of getting all the work

24   papers.  I agree with Ms. Haag there will be back-and-forth

25   with the government on whether we have everything we need.

I3FJMIDC                    Conference

1    When I spoke with the government earlier this week, I may have

2    misunderstood, but I thought to understand Ms. Kramer to say we

3    might be expecting more audit work papers.  Maybe that is

4    coming in short order.

5            Either way, we have just received everything we need,

6    or we haven't yet received all the work papers, and what is

7    going to be required is for the expert to be going through

8    these work papers in excruciating detail to be able to look at

9    all the details involved, and that process itself may take

10   between three and five months, just the process of the expert

11   going through all of these voluminous documents.

12           They may need other things that they need to go

13   through, and so at that point we are really running up against

14   an October trial date, and the expert may have a hard time

15   getting reports out, then we may be in a position where we are

16   asking your Honor in September for needing more time, and that

17   is more disruptive to everyone's schedule.

18           We are looking at it from a practical perspective in

19   terms of what we need to do to get ready for us.  It is the

20   expert factor that makes a difference here, so that perhaps a

21   date in February of next year or something like that might be

22   the happy medium, where we know we can be prepared and we

23   wouldn't have to ask for adjournment as the year goes on.

24           THE COURT:  Thank you.

25           How about Mr. Bloch?

I3FJMIDC                    Conference

1          MR. BLOCH:  Your Honor, we join in the request for the

2     adjournment for the reasons expressed by Ms. Haag and also Ms.

3     Heller.

4          In addition, your Honor, I am not sure that in a case

5     like this, the number of documents is the only measure of what

6     the discovery looks like because there are thousands of text

7     messages and email correspondence, many of which I have seen

8     already, but some of which we have not, and there is material

9     on the devices that were seized, for example, and we need to

10    look at those.

11         We need to consider whether there are additional

12    motions to be made apart from the motion directed to the

13    indictment, including whether or not to challenge the search of

14    Ms. Holder's home, and if there are any other discovery

15    disputes especially with respect to potential third-party

16    subpoenas where the recipients may resist our request.

17         So to prepare the case properly and for all these

18    other reasons, we ask that it be postponed, the trial be

19    postponed until April as well.

20         THE COURT:  And counsel for Mr. Wada?

21         MR. COOK:  Mr. Wada doesn't object to an adjournment

22    of the trial.  We are not wedded to the April date, but we do

23    believe additional time will become necessary for all the

24    reasons stated.

25         THE COURT:  I am going to keep the October 15th date.

1    I think seven months is enough.  It is a lot of time.  If

2    something unexpected happens, I will deal with it.  I think

3    October 15th is a reasonable amount of time.

4             I will rule promptly on the motions.  In fact, I know

5    I said June 12th for the next date, but I am now wondering

6    whether it might help to move up argument earlier than -- so

7    that right after, I will be reading the briefs as they come in,

8    and the week after the reply brief comes in would be the week

9    of Memorial Day.  I wonder if we could have argument and a

10   conference on May 31st.

11            Is the government both still on trial?

12            MS. MERMELSTEIN:  On what date?

13            THE COURT:  May 31st.

14            MS. MERMELSTEIN:  I am confident I will be.

15   Ms. Kramer may or may not.  Ms. Greenwood starts trial and may

16   be available.  The government would be ready and we'll be here.

17   It may not be people sitting at this table.

18            THE COURT:  Does anybody have a problem with May 31st

19   instead of June 12th?

20            MS. HAAG:  No, your Honor.

21            MS. HELLER:  No, your Honor.

22            THE COURT:  I would like to move it to May 31st, at

23   3:00 p.m., instead of what I said earlier, which was June 12th

24   for oral argument.  I want to keep things moving.

25            MS. MERMELSTEIN:  Is the time the same?

I3FJMIDC                    Conference

1          THE COURT:  3:00 o'clock, May 31st, at 3:00 o'clock.

2          THE COURT:  Are there any other issues anyone wanted

3     to address today?

4          MS. MERMELSTEIN:  If we are totally done, the

5     government will ask time be excluded through to the trial date,

6     if there is not going to be objection.  Otherwise, through the

7     next conference date.  I wonder if it makes sense to set a

8     motion schedule with respect to motions other than motions to

9     dismiss the indictment.

10         THE COURT:  Suppression motions?

11         MS. MERMELSTEIN:  I can't think of any other they

12    might make, but anything other than motions to dismiss the

13    indictment.

14         MR. BOXER:  I didn't hear.  I am sorry?

15         THE COURT:  To go ahead and set a deadline for motions

16    other than motions to dismiss the indictment, not motions in

17    limine before the trial, but any other motions to suppress.

18         I would like a deadline on those just to make sure we

19    are moving things along.  Do we have any other motions that

20    could be filed by April 13th, the same date as motions to

21    dismiss the indictment?

22         MR. BLOCH:  We haven't received the material, and so

23    in order to make the judgment whether it is even worth it to

24    make the motion, we need to receive what was seized, and we

25    haven't received it yet.

I3FJMIDC                    Conference

1          MS. HELLER:  Your Honor, we simply need more time to

2     review discovery to make sure we have everything.

3          MR. BLOCH:  There may also be discovery motions

4     themselves.

5          THE COURT:  Right.  I will set a deadline of, let's

6     say, May 25th for any pretrial motions.  Let me ask counsel for

7     defendants, do you have any objection to exclusion of time to

8     October 15th, counsel for Mr. Middendorf?

9          MR. BOXER:  One moment, your Honor?

10          THE COURT:  Sure.

11          (Off-the-record discussion)

12          MR. BOXER:  We have no objection, your Honor, to

13     October 15th.

14          THE COURT:  Any objection by defendant Whittle?

15          MS. HELLER:  No, your Honor.

16          THE COURT:  Mr. Britt?

17          MS. HAAG:  No, your Honor.

18          THE COURT:  Ms. Holder?

19          MR. BLOCH:  No, your Honor.

20          THE COURT:  And Mr. Wada?

21          MR. COOK:  No, your Honor.

22          THE COURT:  I grant the application, and I am

23     excluding time under Title 18, United States Code, Section 3161

24     (h)(7)(A), to October 15th, the date of the trial, to allow the

25     parties additional time to review discovery, address any

I3FJMIDC                    Conference

1   discovery issues, prepare motions and then discuss possible

2   disposition and consider possible dispositions.

3           Is there Anything else anyone wanted to cover?

4           MS. MERMELSTEIN:  No, your Honor.

5           MR. BOXER:  No, your Honor.

6           THE COURT:  Thank you very much.

7           (Court adjourned)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25