```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                        18 CR 36 (JPO)

DAVID MIDDENDORF,

                  Defendant.

------------------------------x
                                      New York, N.Y.
                                      April 3, 2018
                                      2:40 p.m.


Before:

                  HON. J. PAUL OETKEN,

                                      District Judge


                      APPEARANCES

GEOFFREY S. BERMAN
     Interim United States Attorney for the
     Southern District of New York
REBECCA MERMELSTEIN
     Assistant United States Attorney

BRUCH HANNA LLP
BY:  GREGORY SCOTT BRUCH
     KHIRAN SIDHU
     -AND-
PETRILLO KLEIN & BOXER LLP
BY:  NELSON A. BOXER
Attorneys for Defendant

ALSO PRESENT:  Lyeson Daniel, Postal Inspector
```

1         (Case called)
2         THE DEPUTY CLERK:  Starting with the government, can
3  you please state your name for the record.
4         MS. MERMELSTEIN:  Good afternoon, your Honor.  Rebecca
5  Mermelstein for the government.  With me is Postal Inspector
6  Lyeson Daniel.
7         THE COURT:  Good afternoon.
8         MR. BOXER:  Good afternoon, your Honor.  Nelson boxer
9  and Greg Bruch for Mr. Middendorf.
10        THE COURT:  Good afternoon.
11        You are Mr. David Middendorf.
12        THE DEFENDANT:  Yes, I am, your Honor.
13        THE COURT:  And how old are you?
14        THE DEFENDANT:  Fifty-three.
15        THE COURT:  How far did you go in school?
16        THE DEFENDANT:  A bachelor's degree.
17        THE COURT:  Are you currently consulting a doctor or
18  psychiatrist for any condition?
19        THE DEFENDANT:  No, I am not, your Honor.
20        THE COURT:  Are you currently under the influence of
21  alcohol or drugs of any kind?
22        THE DEFENDANT:  No, I am not, your Honor.
23        THE COURT:  Are you feeling well enough to proceed
24  with this hearing today?
25        THE DEFENDANT:  Yes, I am, your Honor.

1  THE COURT:  And who are you represented by in this
2  case?
3  THE DEFENDANT:  Mr. Nelson Boxer with Petrillo Klein &
4  Boxer and Mr. Greg Bruch with Bruch Hanna LLP.
5  THE COURT:  Are your attorneys retained or appointed?
6  THE DEFENDANT:  Retained.
7  THE COURT:  Because of the potential conflict we're
8  discussing today, I'd like to advise you of certain matters.
9  You should understand that under the Constitution and laws of
10  the United States, you are entitled to the aid and assistance
11  of counsel at all times in these proceedings.
12  You are entitled to counsel of your own choice unless
13  there is a strong legal reason for disqualifying that counsel.
14  If you cannot afford an attorney, an attorney will be appointed
15  to represent you without cost.
16  Do you understand that?
17  THE DEFENDANT:  Yes, I do, your Honor.
18  THE COURT:  It's essential to the idea of an adequate
19  defense in a criminal proceeding that your attorneys have no
20  conflicts or adverse interests of any kind.  That is to say,
21  they cannot, unless it is with your knowledge and consent, have
22  any conflicting interest in the case.
23  You have the right to the assistance of a lawyer whose
24  loyalty to you is undivided and not subject to any factor that
25  might intrude upon that loyalty.

1     The purpose of this law is to ensure that you have a
2  full, devoted defense furnished to you by an attorney or
3  attorneys who have no other possible interest of any kind in
4  this matter.
5     Do you understand that?
6     THE DEFENDANT:  Yes, I do understand that, your Honor.
7     THE COURT:  The firm of Bruch Hanna, one of the firms
8  that represents you in this matter, has also previously
9  represented KPMG and individuals employed by KPMG in separate
10 matters.
11    Do you understand that?
12    THE DEFENDANT:  Yes, I do, Your Honor.
13    THE COURT:  In addition, KPMG has to date advanced
14 your legal fees related to this criminal case subject to
15 certain conditions.
16    Do you understand that?
17    THE DEFENDANT:  Yes, I do, your Honor.
18    THE COURT:  The government has represented that it
19 intends to call various KPMG personnel as witnesses in any
20 trial against you in this case.
21    Do you understand that?
22    THE DEFENDANT:  Yes, I do, your Honor.
23    THE COURT:  Bruch Hanna's representation of KPMG and
24 its employee, even in unrelated matters, thus creates a
25 potential conflict of interest.

1           Do you understand that?

2           THE DEFENDANT:  Yes, I do, your Honor.

3           THE COURT:  In addition, KPMG's agreement to date to
4  advance your legal fees for both Bruch Hanna and Petrillo
5  Klein, subject to certain conditions, also creates a potential
6  conflict.

7           Do you understand that?

8           THE DEFENDANT:  Yes, I do, your Honor.

9           THE COURT:  Your attorneys might conceivably be
10 tempted to curry favor with KPMG or to take actions that might
11 not be to your benefit in order to endear themselves to KPMG,
12 both because KPMG and a KPMG employee were clients of Bruch
13 Hanna and because KPMG has agreed to date, subject to certain
14 conditions, to advance your attorneys' fees.

15          Do you understand that?

16          THE DEFENDANT:  Yes, I do, your Honor.

17          THE COURT:  This could conceivably affect the way in
18 which your attorneys represent you going forward in your case.
19 For example, your attorneys might be less zealous in their
20 cross-examination of a KPMG witness so as not to damage their
21 firm's relationship with KPMG.

22          Do you understand that?

23          THE DEFENDANT:  Yes, I do, your Honor.

24          THE COURT:  Your attorneys might also be reluctant to
25 make arguments at trial that would cast KPMG in a negative

1  light.
2         Do you understand that?
3         THE DEFENDANT:  Yes, I do, your Honor.
4         THE COURT:  This Court, having presided as the judge
5  in several trials in this courthouse, believes that
6  representation where there is a potential conflict of interest
7  may be ill-advised.
8         Do you understand that?
9         THE DEFENDANT:  Yes, I do, your Honor.
10        THE COURT:  Do you understand that one of the greatest
11 dangers is that neither your attorneys nor the government nor I
12 can foresee all the issues that may arise in this case.
13        Do you understand that?
14        THE DEFENDANT:  Yes.  I understand that, your Honor.
15        THE COURT:  And this is particularly true in a complex
16 case like this one.
17        Do you understand?
18        THE DEFENDANT:  Yes, I do, your Honor.
19        THE COURT:  By deciding to proceed with Bruch Hanna
20 and Petrillo Klein as your attorneys, you're waiving any claim
21 or argument that you might have otherwise that your attorneys
22 suffer from a conflict of interest for reasons that I've
23 described and that that unfairly prejudiced your rights in this
24 case.
25        Do you understand that?

1     THE DEFENDANT:  Yes, I do, your Honor.

2     THE COURT:  Have you discussed these conflict of
3 interest matters with your attorneys?

4     THE DEFENDANT:  Yes, I have, your Honor.

5     THE COURT:  Are you satisfied with their
6 representation of you?

7     THE DEFENDANT:  Yes, I am, your Honor.

8     THE COURT:  I'd like to ask you if you would please
9 describe for me in your own words, just so I can satisfy myself
10 that you understand the nature of the conflict, your
11 understanding of the potential conflicts that arise from, one,
12 Bruch Hanna's representation of KPMG and a KPMG employee; and,
13 two, the fact that KPMG has agreed to date to advance legal
14 fees for your defense counsel.

15     THE DEFENDANT:  Yes, your Honor.  So Mr. Bruch and his
16 firm have represented an employee from KPMG and KPMG in two
17 separate matters.  Those matters are closed.

18     As it relates to KPMG advancing my legal fees, in both
19 those cases, one could argue will Mr. Bruch be zealous enough
20 in his interview of KPMG witnesses and in defending me and have
21 my best interest in mind.

22     THE COURT:  And you've thought about how that might
23 play out in a trial setting?

24     THE DEFENDANT:  Yes, I have, your Honor.

25     THE COURT:  Notwithstanding the fact that those

1    potential conflicts exist, do you nevertheless want to proceed
2    with these attorneys?
3            THE DEFENDANT:  Yes, I do, your Honor.
4            THE COURT:  You also have the right to consult with a
5    lawyer other than your attorneys who has no connection like
6    those we've described in order to determine whether you wish
7    your attorneys to represent you.
8            Have you taken advantage of the opportunity to talk to
9    any other counsel?
10           THE DEFENDANT:  I have not talked to any other counsel
11   other than Mr. Boxer, who is one of my attorneys, and his firm
12   is not conflicted.
13           THE COURT:  Except that they're also being advanced
14   legal fees.
15           THE DEFENDANT:  Correct.
16           THE COURT:  That's arguably a potential conflict as
17   well.
18           THE DEFENDANT:  Correct.
19           THE COURT:  On the theory that they're the ones whose
20   bills are actually being paid through this advancement of legal
21   fees, and the same theory of not being zealous enough could
22   arguably apply in that they want to curry favor with KPMG
23   perhaps for more work or something.
24           Do you understand that?
25           THE DEFENDANT:  I do understand that.

1             THE COURT:  If you wanted to, we could make sure that
2  we find or you find counsel who has no connection like we've
3  described and is not being paid by KPMG to talk to you about
4  this conflict.
5             Would you like some time to take advantage of that?
6             THE DEFENDANT:  I need not.  I've thought about that,
7  your Honor, and I'm comfortable in proceeding with Mr. Bruch
8  and Mr. Boxer.
9             THE COURT:  And you think you've had sufficient time
10 to think about that?
11            THE DEFENDANT:  Yes, your Honor.  I have.
12            THE COURT:  Are there any questions that have come up
13 from what I've asked you or what you've talked about with your
14 attorneys that you would like more time to think about?
15            THE DEFENDANT:  No, your Honor.
16            THE COURT:  Do you have any other questions of me?
17            THE DEFENDANT:  I do not.
18            THE COURT:  Just to confirm, do you still wish to
19 proceed with Nelson Boxer, Amy Lester, and Alexandra Clark of
20 Petrillo Klein and with Greg Bruch and Khiran Sidhu of Bruch
21 Hanna as your attorneys in this case?
22            THE DEFENDANT:  Yes, I do, your Honor.
23            THE COURT:  Have you received any inducements,
24 promises, or threats with regard to your choice of counsel in
25 this case?

1     THE DEFENDANT:  No, I have not, your Honor.

2     THE COURT:  Do you agree to waive any and all future
3  arguments on appeal or otherwise that you were denied the
4  effective assistance of counsel because of your attorney's
5  conflict of interest?

6     THE DEFENDANT:  Yes.  I do waive.

7     THE COURT:  Is your waiver of your right to
8  conflict-free representation voluntary?

9     THE DEFENDANT:  Yes, it is, your Honor.

10    THE COURT:  Is there any further questioning anyone
11 thinks is necessary?

12    MS. MERMELSTEIN:  No, your Honor.

13    MR. BOXER:  No, your Honor.

14    THE COURT:  Thank you very much.

15    Based on the answers of Mr. Middendorf to my
16 questions, I find that he has voluntary and intelligently
17 waived his right to conflict-free representation with regard to
18 the matters we've discussed.

19    Anything further for today?

20    MS. MERMELSTEIN:  No, your Honor.

21    MR. BOXER:  No, your Honor.

22    THE COURT:  Thank you very much.  We're adjourned.

23    (Adjourned)

24

25