UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :

UNITED STATES OF AMERICA           :

                                   :

     - against -                  :         18 Cr. 36 (JPO)

                                   :

DAVID MIDDENDORF, *et al.*,       :

                                   :

              Defendants.       :

                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

<br>

## DEFENDANT DAVID MIDDENDORF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS AND TO COMPEL THE PRODUCTION OF *BRADY* MATERIAL

PETRILLO KLEIN & BOXER LLP
Nelson A. Boxer
Amy Lester
Alexandra R. Clark
655 Third Avenue
New York, NY 10017

BRUCH HANNA LLP
Gregory S. Bruch
Khiran Sidhu (*pro hac vice*)
1099 New York Ave., NW
Washington, DC  20001

*Attorneys for David Middendorf*

## **TABLE OF CONTENTS**

RELEVANT FACTS ............................................................................................................ 1

ARGUMENT .................................................................................................................... 4

    I.     THE GOVERNMENT SHOULD BE REQUIRED TO PROVIDE
          PARTICULARS REGARDING THE WIRE FRAUD COUNTS OF
          THE INDICTMENT .................................................................................... 4

    II.    THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE
          *BRADY* MATERIAL ................................................................................... 7

          A.  Legal Standard ................................................................................ 7

          B.  Discussion ...................................................................................... 8

CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Brady v. Maryland*, 373 U.S. 83 (1963) .............................................................. 1, 2, 3, 7, 8, 9, 10

*Giglio v. United States*, 405 U.S. 150 (1972) ............................................................. 2

*Kyles v. Whitley*, 514 U.S. 419 (1995) .................................................................... 2, 8

*Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001) .............................................................. 8

*Strickler v. Green*, 527 U.S. 263 (1999) ................................................................... 8

*United States v. Agurs*, 427 U.S. 97 (1976) ................................................................. 2

*United States v. Avellino*, 136 F.3d 249 (2d Cir. 1998) ...................................................... 8

*United States v. Bagley*, 473 U.S. 667 (1985) .............................................................. 2

*United States v. Blaszczak, et al.*, 17 Cr. 357 (Apr. 27, 2018) ............................................... 9

*United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) ................................................. 5, 6

*United States v. GAF Corp.*, 928 F.2d 1253 (2d Cir. 1991) .................................................. 5

*United States v. Mahaffy*, 446 F. Supp. 2d 115 (E.D.N.Y. 2006) ............................................ 5

*United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000) ............................................ 6

**Statutes**

18 U.S.C. § 371 ........................................................................................ 1, 3, 8

18 U.S.C. § 1343 ....................................................................................... 1, 4

18 U.S.C. § 1349 ....................................................................................... 1, 3, 8

Defendant David Middendorf respectfully submits this Memorandum of Law in support of his motion for a bill of particulars and to compel the production of material pursuant to the government's obligations under *Brady*.

## RELEVANT FACTS

On January 22, 2018, the government unsealed Indictment 18 Cr. 36 (JPO), charging Mr. Middendorf with conspiring to defraud the United States, in violation of 18 U.S.C. § 371 (Count One); conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count Two); and three counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts Three, Four and Five) (Counts Two through Five, collectively, the "Wire Fraud Counts"). The Wire Fraud Counts broadly allege a "scheme to defraud the [Public Company Accounting Oversight Board ("PCAOB")] by misappropriating, embezzling, obtaining, sharing, and using the PCAOB's property in the form of valuable confidential information and documents concerning planned PCAOB inspections . . . by transmitting such information by email [and telephone], all in breach of duties of confidentiality and other duties owed by former or current PCAOB employees to the PCAOB," from 2015 through 2017. Indictment ¶¶ 97 (Count Three (April through May 2105)), 99 (Count Four (March through May 2016)), and 101 (Count Five (January through February 2017)); *see also* ¶ 27. The Indictment does not list any overt acts in furtherance of the wire fraud conspiracy (*see* Indictment ¶¶ 94-95), or any specific wire transmissions in furtherance of the alleged wire fraud scheme (*see* Indictment ¶¶ 97, 99, 101).

On February 5, 2018, we requested by letter to the government the production of particulars regarding certain paragraphs of the Indictment, including: (i) "the wire transmissions contemplated by the defendants in furtherance of the conspiracy" charged in Count Two; (ii) the "specific wire transmissions that the government intends to prove at trial" for each of the

substantive wire fraud charges, Counts Three, Four and Five; and (iii) the "material, fraudulent

misrepresentations made by the defendants" with respect to the Wire Fraud Counts.  Letter from

N. Boxer to government dated Feb. 5, 2018 at ¶¶ 50, 55-58, 60, 61, 63-64 ("February 5 Letter"),

Exhibit A.[1]  In our February 5 Letter, we also requested production of the following:

> [A]ll information in the possession, custody or control of the government that is
> required to be disclosed under the Fifth and Sixth Amendments to the United
> States Constitution (*see, e.g.*, *Brady v. Maryland*, 373 U.S. 83 (1963), *United
> States v. Bagley*, 473 U.S. 667 (1985), *United States v. Agurs*, 427 U.S. 97 (1976),
> *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419
> (1995)), and Rules 12(b)(4)(B), 16(a), and 26.2 of the Federal Rules of
> Criminal Procedure ("Fed. R. Crim. P.") [; and] . . . .

> [A]ll documents, statements, agents' reports, and tangible evidence favorable to
> Mr. Middendorf on the issue of guilt and/or which affects the credibility of the
> government's case, any government witness, or Mr. Middendorf's participation in
> any of the charges in the Indictment.

Exhibit A at 7 and 8 (¶ k).

By letter dated February 13, 2018, the government responded that it "believe[d] [the

request for a bill of particulars] [was] both premature and, in any event, unwarranted."  Letter

from government to N. Boxer dated Feb. 13, 2018 ("February 13 Letter") at 1, Exhibit B.  Since

that date, the government has provided extensive discovery pursuant to Federal Rule of Criminal

Procedure 16, but has not provided any particulars with respect to the wire transmissions or

material, fraudulent misrepresentations it intends to prove at trial.

In its February 13 Letter, the government also responded that it was aware of its

obligations pursuant to *Brady* and its progeny and would "make any such material available

*promptly upon discovery*."  Exhibit B at 2 (emphasis added).  After receiving the government's

February 13 Letter, we obtained (not from the government) a transcript of the January 5, 2018

court proceeding during which Brian Sweet—the defendants' alleged co-conspirator—pleaded

---

[1] Exhibits are attached to the Declaration of Alexandra R. Clark filed in support of this motion.

guilty before United States Magistrate Judge Robert W. Lehrburger, pursuant to Information 18

Cr. 008, to the charges of conspiracy to defraud the United States, in violation of 18 U.S.C. §

371, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. At page 21 of the

transcript, the following colloquy occurred:

> The Court: Can you please tell me in your own words what it is that you did in
> violation of the law?
>
> The Defendant: From at least in or about April 2105 up to and including in or
> about February 2017, I and others, willfully and knowingly, agreed and did
> obtain, share, and use confidential information from the PCAOB in order to affect
> PCAOB inspection outcomes which are, in turn, reported to the SEC. The
> PCAOB transmits inspection reports to the SEC which uses those inspection
> reports to carry out its regulatory oversight and enforcement functions. In
> connection with these crimes, I and others used e-mail and telephones across state
> lines.
>
> The Court: *When you committed these acts, did you know that they were illegal
> and in violation of law?*
>
> The Defendant: *I did not have an understanding of that at the time, your Honor,
> but I do understand that now.*

Jan. 5, 2018 Tr. at 21:7-22 (emphases added), excerpt attached as Exhibit C.

By letter dated March 27, 2018, we wrote to the government renewing and particularizing

our request for *Brady* material based on Brian Sweet's plea allocution. Letter from N. Boxer to

government dated Mar. 27, 2018 ("March 27 Letter"), Exhibit D. Specifically, we pointed out

that:

> Mr. Middendorf is charged with, *inter alia*, conspiring with Mr. Sweet (and
> others) to defraud the United States in violation of 18 U.S.C. § 371 and to commit
> wire fraud in violation of 18 U.S.C. § 1349. Mr. Sweet's sworn statement to
> Magistrate Judge Lehrburger that Mr. Sweet did not understand, at the time he
> was allegedly part of the charged conspiracies, that his conduct was illegal or in
> violation of the law, is Brady material and should have been produced to the
> defense "promptly" (your words) upon discovery by the government. The
> government must prove beyond a reasonable doubt that Mr. Middendorf acted
> willfully, that he intended to do something that the law forbids or acted with a bad
> purpose; sworn testimony from Mr. Middendorf's alleged coconspirator that when

3

committing the acts alleged he did not understand those acts to be illegal and in violation of the law negates proof of willfulness and is "favorable" to Mr. Middendorf.

Exhibit D at 2.  In addition, we requested "any notes or reports of any meetings, interviews or proffer sessions with Mr. Sweet during which he made any statement similar to his [guilty plea] colloquy," and "any statements similar to Mr. Sweet's . . . made by other individuals interviewed by the government, either about their own intent or the intent of others (including named and unnamed alleged coconspirators of Mr. Sweet and of the defendants charged in Indictment 18 Cr. 36 (JPO))." Exhibit D at 3.

To date, the government has not responded to our March 27 Letter.

## ARGUMENT

## I.   THE GOVERNMENT SHOULD BE REQUIRED TO PROVIDE PARTICULARS REGARDING THE WIRE FRAUD COUNTS OF THE INDICTMENT

The paragraphs of the Indictment containing the statutory allegations of wire fraud conspiracy (Count Two) do not set forth any overt acts,[2] and the paragraphs containing the statutory allegations of substantive wire fraud (Counts Three, Four and Five) do not specify any wire transmissions in furtherance of the alleged scheme to defraud.  Moreover, the Indictment does not specify any false representations made by the defendants as part of the alleged scheme to defraud.[3]  As a result, a bill of particulars regarding these allegations is warranted, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, so that Mr. Middendorf can adequately prepare his defense, avoid surprise at trial, and, if prosecuted a second time for the same offense,

---

[2] While the government is not required to allege or prove an overt act as part of a conspiracy under Section 1349, the statutory allegations in Count Two do not provide any description of the scheme to defraud or any other details, other than a date range of April 2015 to February 2017. *See* Indictment ¶¶ 94-95.

[3] Section 1343 prohibits the use of the wires in furtherance of "any scheme or artifice to defraud, or for obtaining money or property *by means of false or fraudulent pretenses, representations, or promises.*" 18 U.S.C. § 1343 (emphasis added).

4

interpose a plea of double jeopardy. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States v. GAF Corp.*, 928 F.2d 1253, 1260 (2d Cir. 1991) ("A bill of particulars is a statement of what the government will or will not claim in its prosecution.").

"Perhaps the most frequent case in which particulars are warranted is where discovery is overwhelmingly extensive and the government fails to designate which documents it intends to introduce and which documents are merely relevant to the defense." *United States v. Mahaffy*, 446 F. Supp. 2d 115, 119 (E.D.N.Y. 2006) (emphasis omitted). The instant prosecution is the type of case in which a bill of particulars is warranted. Based on discovery to date, the government has provided well over 75,000 documents, including hundreds of email and telephone communications amongst the alleged co-conspirators. And while the Indictment describes various email and telephone communications, the government has not indicated whether it intends to rely upon those particular communications in proving the Wire Fraud Counts, or whether it will rely upon additional, or entirely different, wire transmissions. In view of the conspiracy count—relating to which we expect the government could argue that numerous email and telephone communications constitute potential overt acts—and the sheer number of communications produced in discovery, it is not possible for the defense to prepare to address the government's trial proof in the absence of greater particularity concerning the wire transmissions that the government will seek to use to establish Counts Two, Three, Four and Five.

By way of illustration, in *Bortnovsky*, the Second Circuit held that the government's production of approximately 4,000 documents prior to trial did not provide the required notice to the defendants and that the district court abused its discretion in refusing to order a bill of particulars, because the indictment charged the defendants with, among other charges, submitting false claims for fake burglary losses under the mail fraud statute, but failed to identify which

false submissions it would prove at trial. *Bortnovsky*, 820 F.2d at 574. The Court ruled that, by failing to identify the dates of the fake burglaries and the identity of the fraudulent documents prior to trial, the government had impermissibly shifted the burden of proof to the defense, which was forced to explain events and confront documents unrelated to the charges pending. *See id.* at 574-75. Accordingly, the Court reversed the defendants' convictions and remanded the case to the district court for a new trial. *Id.* at 575.

Likewise, in *United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000), a bill of particulars was ordered where the defendants were charged with conspiracy to commit Medicare fraud and the government "produced over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims." *Id.* at 571. As the court noted, the government had "not yet informed the defendants which of these claims were false and in what way they were false," *id.*, and, relying on *Bortnovsky*, ordered a bill of particulars specifying the names of unindicted co-conspirators, the identity and details of each allegedly false claim "submitted and/or filed as part of the conspiracy," and the identity and details of the allegedly false documents used in the conspiracy. *Id.* at 572-75.

Here, the Wire Fraud Counts allege a scheme to defraud the PCAOB based upon the conduct of PCAOB employees who allegedly "embezzled" PCAOB confidential information in violation of a duty they owed to the PCAOB pursuant to the PCAOB's Ethics Code over the course of approximately three years. Indictment ¶¶ 27, 94-95, 97, 99, 101. More specifically, the statutory allegations for the Wire Fraud Counts charge that the object of the scheme was to obtain the PCAOB's property "in the form of valuable confidential information and documents concerning planned PCAOB inspections" in 2015, 2016 and 2017. Indictment ¶¶ 97, 99, 101. But the Indictment does not specify the wire transmissions that support Counts Three, Four and

Five.  The Indictment also fails to specify any false material representations allegedly made or omitted by the defendants to the PCAOB in order to obtain the alleged property at issue.  Thus, the defense does not know, without further particulars, which communications or omissions the government might seek to prove at trial.  Indeed, at present, Mr. Middendorf does not know, based on the broad allegations in Indictment, which wire transmissions he must defend against and under what theory of liability (*i.e.*, as a principal or aider and abettor); he could not begin to interpose a claim of double jeopardy based upon the information provided by the government to this point.

Accordingly, the Court should order the government to provide a bill of particulars identifying the wire transmissions and false representations it intends to rely upon at trial in proving the Wire Fraud Counts.

## II.    THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE *BRADY* MATERIAL

This Court should issue an Order requiring the government to produce forthwith all "favorable" information to the defense pursuant to its obligations under *Brady* (defined herein as "*Brady* material"), which, as set forth below, the defense has reason to believe is currently in the government's possession.

### A.  Legal Standard

Pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the government has a duty to disclose information "favorable to an accused" in a timely manner, generally before trial. "Information coming within the scope of this principle ('*Brady* matter') includes not only evidence that is exculpatory . . . but also evidence that is useful for impeachment, *i.e.*, having the potential to alter the jury's assessment of the credibility of a significant prosecution witness." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998).  As the Supreme Court has

7

explained, *Brady* and its progeny "illustrate the special role played by the American prosecutor in the search for truth in criminal trials . . . whose interest . . . in a criminal prosecution is . . . that justice shall be done," and it is this "special status" that explains the "basis for the prosecution's broad duty of disclosure." *Strickler v. Green*, 527 U.S. 263, 281 (1999) (citation omitted). Thus, "a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence." *Kyles v. Whitley*, 514 U.S. 419, 439 (1995).

Finally, while the Second Circuit has declined to specify the extent or timing of disclosure that is required to comply with *Brady*, the defense must have sufficient opportunity to make use of the evidence, including by undertaking further investigation, and have time to be able to assimilate the information into its case. *Leka v. Portuondo*, 257 F.3d 89, 100-01, 103 (2d Cir. 2001) ("The opportunity for use under *Brady* is the opportunity for a responsible lawyer to use the information with some degree of calculation and forethought.").

**B. Discussion**

Mr. Middendorf is charged with conspiring with Brian Sweet (and others) to defraud the United States in violation of 18 U.S.C. § 371 (Count One) and to commit wire fraud in violation of 18 U.S.C. § 1349 (Count Two). Sweet's sworn statement to Magistrate Judge Lehrburger that he did not understand, at the time he was allegedly Mr. Middendorf's co-conspirator, that his conduct was illegal or in violation of the law is *Brady* material and should have been produced to the defense "promptly" upon discovery by the government, as promised in its February 13 Letter. In fact, the government has completely ignored our March 27 request. Given this record, there is a factual basis to find that the government has misapprehended *Brady* and has not produced to us all *Brady* material in its possession, custody or control.

At trial, the government must prove beyond a reasonable doubt that Mr. Middendorf acted willfully; in other words, that he "act[ed] with knowledge that his conduct was unlawful and with the intent to do something the law forbids." Jury Charge given by the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357, at 3946:23-25 (S.D.N.Y. Apr. 27, 2018). Sworn testimony from Mr. Middendorf's alleged co-conspirator that when committing the charged conspiracies he did not understand those acts to be illegal and in violation of the law negates proof of the central co-conspirator's willfulness, and is "favorable" to Mr. Middendorf, and should have been promptly produced to the defense.[4] *See Brady*, 373 U.S. at 87 ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). Any notes or reports in the government's possession of any meetings, interviews or proffer sessions with Sweet during which he made any statement similar to his colloquy in court on January 5 is also *Brady* material and should be promptly produced to the defense.

In addition, we understand that the government interviewed numerous KPMG witnesses, and we know from discovery produced to date that the government received debriefings regarding what KPMG witnesses had informed KPMG outside counsel.[5] If any statements

---

[4] Indeed, when the government forwarded Sweet's plea transcript to Judge Forrest for her review, along with a proposed Order accepting Sweet's guilty plea, Judge Forrest ordered that Sweet file a letter clarifying his intent. Accordingly, in a letter dated January 18, 2018, Sweet stated that "when [he] willfully and knowingly[ ] agreed and did obtain, share, and use confidential information from the PCAOB in order to affect inspection outcomes, [he] understood that [he] was agreeing to participate in a scheme to defraud the PCAOB, which [he] knew was wrongful." Exhibit E at 3 (Order and Letter).

[5] KPMG is required to inform the government of "all relevant facts," even if exculpatory to the alleged co-conspirators, if it seeks full cooperation credit under the Yates Memo. *See* Memorandum from Sally Quillian Yates, Deputy Attorney General, dated Sept. 9, 2015, at 3 ("In order for a company to receive <u>any</u> consideration for cooperation under the Principles of Federal

similar to Sweet's have been made by other individuals interviewed by the government, or such statements are otherwise in the government's possession—*e.g.*, statements either about the witness' or someone else's lack of willfulness or criminal intent—they should be produced to the defense forthwith.

Accordingly, the Court should grant Mr. Middendorf's motion to compel the government to produce the foregoing *Brady* material.

## **CONCLUSION**

For all of the reasons set forth herein, the Court should order the government to provide a bill of particulars and produce *Brady* material to the defense.

Dated: May 24, 2018                                  Respectfully submitted,
      New York, New York

                               PETRILLO KLEIN & BOXER LLP

                               By: _____
                               Nelson A. Boxer
                               Amy Lester
                               Alexandra R. Clark
                               655 Third Avenue
                               New York, NY 10017
                               Telephone: (212) 370-0330
                               nboxer@pkbllp.com

                               BRUCH HANNA LLP
                               Gregory S. Bruch
                               Khiran Sidhu (*pro hac vice*)
                               1099 New York Ave., NW
                               Washington, DC  20001
                               Telephone: (202) 969-1630
                               gbruch@bruch-hanna.com

                               *Attorneys for David Middendorf*

---

Prosecution of Business Organizations, the company must completely disclose to the Department *all relevant facts about individual misconduct.*  Companies cannot pick and choose what facts to disclose.") (emphasis added).