# Exhibit E



STEPHEN R. COOK
direct dial: (949) 752-7100
fax: (949) 252-1514
scook@brownrudnick.com

May 9, 2018

**VIA EMAIL**

Amanda K. Kramer
Jessica Greenwood
Rebecca Gabrielle Mermelstein
U.S. Attorney's Office, S.D.N.Y.
One Saint Andrew's Plaza
New York, New York 10007
amanda.kramer@usdoj.gov
jessica.greenwood@usdoj.gov
rebecca.mermelstein@usdoj.gov

**RE:**   *United States v. Middendorf*, 18-cr-00036

Dear AUSAs Kramer, Greenwood, and Mermelstein:

  We write on behalf of Mr. Wada to formalize our request for discovery in this action. As explained below, it appears that some of the discovery to which Mr. Wada is entitled has not been produced. To avoid any confusion concerning the scope and nature of Mr. Wada's request, and to confirm what we believe to be the government's minimum disclosure obligations, we have summarized both below.

Rule 16 of the Federal Rules of Criminal Procedure

  Pursuant to Federal Rule of Criminal Procedure 16, Mr. Wada requests production of the following:

1. The substance of all oral statements made by Mr. Wada, before or after his arrest, in response to interrogation by any government agent which the government intends to use at trial. Fed. R. Crim. P. 16(a)(1)(A).

2. All written or recorded statements of Mr. Wada as required by Federal Rule of Criminal Procedure 16(a)(1)(B).

3. Mr. Wada's prior criminal record. Fed. R. Crim. P. 16(a)(1)(D).

4. All documents and objects that (i) may be material to the preparation of Mr. Wada's defense, (ii) the government intends to use in its case-in-chief at trial, or (iii) were obtained from or belong to Mr. Wada. Fed. R. Crim. P. 16(a)(1)(E).

5. The results or reports of any physical or mental examination and of any scientific test or experiment which may be material to the preparation of Mr. Wada's defense or which



Ms. Kramer
Ms. Greenwood
Ms. Mermelstein
May 9, 2018
Page 2

the government intends to use during its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F).

6. A written summary of any expert testimony that the government intends to use during its case-in-chief at trial, including a description of the witnesses' opinions, bases and reasons for those opinions, and the witnesses' qualifications. Fed. R. Crim. Pro. 16(a)(1)(F)

The government has a continuing obligation to supplement its Rule 16 discovery with any subsequently discovered evidence or material. Fed. R. Crim. P. 16(c).

### *Brady* & *Giglio* Material

Mr. Wada requests the government produce all information in its possession, custody, or control that is required to be disclosed pursuant to the Fifth and Sixth Amendments to the United States Constitution. *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667 (1985), *United States v. Agurs*, 427 U.S. 97 (1976), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), and Federal Rules of Criminal Procedure 12(b)(4)(B), 16(a), and 26.2. This includes all documents, statements, agents' reports, and tangible evidence favorable to Mr. Wada on the issue of guilt and/or which affects the credibility of the government's case, any government witness, or Mr. Wada's participation in any of the charges in the Indictment. Impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *United States v. Agurs*, 427 U.S. 97, 103-04 (1976); *Giglio v. United States*, 405 U.S. 150 (1972).

Specific to this request, it appears that the government has not produced the text messages or contents obtained pursuant to the search and seizure warrant for Mr. Wada's cell phone. Perhaps this information will be included as part of the production referenced in Ms. Mermelstein's e-mail of April 26, 2018. In any case, Mr. Wada requests either the production of such text messages or other information seized from Mr. Wada's cell phone, or confirmation that nothing was seized pursuant to the warrant. In addition, Mr. Wada joins in the discovery requests submitted by counsel for the other defendants in this action, to the extent they are applicable to Mr. Wada, including the March 27, 2018 letter from Nelson A. Boxer requesting documents and materials relating to alleged co-conspirator Brian Sweet.

### April 20, 2018 Production Metadata

In addition to the above requests, we also request an overlay of the previously produced control number metadata (*i.e.*, the producing party's Bates numbers) for the April 20, 2018 supplemental production of documents produced by KPMG. The corresponding production letter states that "[b]oth the producing party's bates numbers and the SDNY's bates numbers are included in the metadata for the enclosed production and the data can be accessed utilizing either bates number." However, the producing party's Bates numbers were not included in the metadata for this production.


Ms. Kramer
Ms. Greenwood
Ms. Mermelstein
May 9, 2018
Page 3

      As you know, the deadline to file any additional motions, including motions to compel discovery, is approaching rapidly.  Accordingly, we appreciate your prompt attention to these requests.

      Sincerely,

      **BROWN RUDNICK LLP**

      Stephen R. Cook