# Exhibit H

# CAHILL GORDON & REINDEL LLP
### EIGHTY PINE STREET
### NEW YORK, NY 10005-1702

ROBERT A. ALESSI
HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BOND
BROCKTON B. BOSSON
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
AYANO K. CREED
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
PIERRE M. GENTIN

CHARLES A. GILMAN
ARIEL GOLDMAN
JASON M. HALL
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER*
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
24 MONUMENT STREET
LONDON EC3R 8AJ
+44 (0)20 7920 9800

WRITER'S DIRECT NUMBER

(212) 701-3008

JOEL H. LEVITIN
GEOFFREY E. LIEBMANN
BRIAN T. MARKLEY
WILLIAM J. MILLER
NOAH B. NEWITZ
MICHAEL J. OHLER
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
JAMES ROBINSON
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN

MICHAEL A. SHERMAN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
SUSANNA M. SUH
ANTHONY K. TAMA
JONATHAN D. THIER
SEAN P. TONOLLI*
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
S. PENNY WINDLE
DAVID WISHENGRAD
COREY WRIGHT
JOSHUA M. ZELIG
DANIEL J. ZUBKOFF

*ADMITTED IN DC ONLY

May 21, 2018

Re: *United States v. David Middendorf, et al.* (1:18-cr-00036 (JPO))
    Discovery Requests

Counsel:

      We write on behalf of our client, Thomas Whittle, to request the discovery detailed below. Having joined this matter later than counsel for Mr. Whittle's codefendants, we have held off on making such a request while we familiarize ourselves with the facts and initial discovery. Recent events compel us to submit this letter now, namely, the failure of the government (i) to provide us the contents of Mr. Whittle's cellphone, despite the impending motions deadline of May 25th; and (ii) to respond meaningfully, or respond at all, to the discovery requests made, and related issues raised, in letters submitted to the government by codefendants' counsel. Therefore, in addition to the requests below, Mr. Whittle affirmatively joins in the discovery, *Brady*, bills of particulars, and other requests for pretrial disclosure made by his codefendants to date, to the extent they are applicable to him.[1]

## *Contents of Mr. Whittle's Cellphone*

      We understand the government to have obtained a search warrant to seize the contents of Mr. Whittle's cellphone. To date, the government has not produced any material from the cellphone, despite representations to the contrary[2] and our requests on April 3, 2018 (in person),

---

[1] We refer to the February 5, 2018 letters submitted, respectively, by counsel for Mr. Middendorf and Ms. Holder; the March 27, 2018 letter submitted by counsel for Mr. Middendorf; and the May 4, 2018 letter submitted by counsel for Mr. Britt.

[2] During the January 25, 2018 court conference, the government represented it would produce by no later than February 8, 2018, the text messages extracted from the defendants' respective cellphones. In a letter dated February 9, 2018, the government stated that the accompanying production contained text messages obtained from Mr. Whittle's cellphone, but none were included. In subsequent communications with

CAHILL GORDON & REINDEL LLP

- 2 -

and April 5, 2018 (via email). We therefore ask for the government to produce immediately a copy of the potentially responsive contents of Mr. Whittle's cellphone, to include, but not limited to, text messages, calendars, call logs, contact lists, and Internet browser histories.

*Rule 16*

Mr. Whittle is entitled to and requests production and disclosure of the following information and items listed below, pursuant to Fed. R. Crim. P. 16.[3]

1. All statements required to be disclosed pursuant to Fed. R. Crim. P. 16(a)(1)(A) and (B). Please specifically identify the substance of any relevant statement made by Mr. Whittle whether before or after arrest in response to interrogation by any person then known by Mr. Whittle to be a government agent that the government intends to use at trial.

2. All items described in Fed. R. Crim. P. 16(a)(1)(E). Please specifically identify those items which the government intends to use in its case-in-chief at trial, Fed. R. Crim. P. 16(a)(1)(E)(ii), and which were obtained from, or belong to, Mr. Whittle, Fed. R. Crim. P. 16(a)(1)(E)(iii).

3. All results, reports, experiments, and tests described in Fed. R. Crim. P. 16(a)(1)(F). Please specifically identify any result, report, examination and/or test the government intends to use in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F)(iii).

4. A complete written summary of testimony to be presented by any person to be called by the government as an expert witness pursuant to Fed. R. Evid. 702, 703, or 705, including the witness' name, address, education, training, qualifications, opinions, the bases and the reasons therefor, and his or her qualifications. Fed. R. Crim. P. 16(a)(1)(G).

---

counsel in February and March 2018, the government claimed that it had encountered technical difficulties copying cellphones. On April 26, 2018 – almost three months past the Court's initial deadline – the government stated in an email, "We have at long last managed to copy the responsive materials from the various cellphones searched pursuant to search warrants." When we finally received the production on May 14, 2018, no materials from Mr. Whittle's cellphone were included.

[3] We are aware that the government has already produced materials responsive under Rule 16. We ask that the government promptly supplement, pursuant to Fed. R. Crim. P. 16(c), any response to the requests as additional evidence or material becomes available.

CAHILL GORDON & REINDEL LLP

- 3 -

*Brady and Giglio*

Pursuant to applicable federal constitutional provisions, Supreme Court and Second Circuit precedent, and Rule 3.8(b) of New York's Rules of Professional Conduct (applicable to federal prosecutors in the Southern District of New York, pursuant to 28 U.S.C. §530B(a)), Mr. Whittle is entitled to and requests the production and disclosure of the following information:

5. All information in the possession, custody, or control of the government that is required to be disclosed under the Fifth and Sixth Amendments to the United States Constitution (*see, e.g., Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitley*, 514 U.S. 419 (1995)), and Rules 12(b)(4)(B), 16(a), and 26.2 of the Federal Rules of Criminal Procedure.

6. All documents, statements, agents' reports, and tangible evidence favorable to Mr. Whittle on the issue of guilt and/or which affects the credibility of the government's case, any government witness, or Mr. Whittle's participation in any of the charges in the indictment. Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *United States v. Agurs*, 427 U.S. 97, 103-04 (1976). This request includes, but is not limited to, the following:

    a. Any and all information tending to show that Mr. Whittle did not enter into and engage in a conspiracy to defraud the United States, conspiracy to commit wire fraud, or wire fraud.

    b. Any electronic, written (including notes) or oral statement, whether or not reduced to writing, made by any person (including, but not limited to, information proffered by counsel) which in any way contradicts or is inconsistent with or different from, any statement made by a prosecution witness or a person alleged to be a participant in the conduct charged in the Indictment.

    c. Any electronic, written (including notes) or oral statements, whether or not reduced to writing, made by any person (including, but not limited to, information proffered by counsel) to the effect that the conduct alleged in the Indictment was not understood to be unlawful at the time it took place.

    d. Any statements, including oral or written statements by witnesses with information relating to the alleged charges in the Indictment that fail to mention Mr. Whittle or fail to make any incriminating statement with respect to Mr. Whittle.

CAHILL GORDON & REINDEL LLP

- 4 -

 e. The name and last known address of any witness who made an arguably exculpatory or favorable statement concerning Mr. Whittle or his participation in the charged offenses, including any witness to the charged offenses whose statement makes no reference to Mr. Whittle's presence or participation. *See Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978).

7. All documents and/or statements by any person interviewed by the government or by another entity and in the government's possession that are inconsistent with any factual allegation in the indictment, any legal theory on which the indictment is based, or any evidence the government expects to introduce in its case-in-chief, including any impeachment material relating to potential government witnesses, such as:

 a. Transcripts of testimony.

 b. Witness statements.

 c. Presentations, white papers, correspondence, and the like submitted by KPMG to the U.S. Attorney's Office for the Southern District of New York, any other component of the Department of Justice, and/or the SEC regarding this matter.

 d. Reports made by Postal Inspectors or any other law enforcement personnel assigned to this case, and any underlying notes thereto, containing exculpatory (including impeachment) material.

 e. The existence and substance of all plea agreements, promises of immunity, leniency, or preferential treatment made to potential witnesses.

 f. Arrest and conviction records of potential witnesses.

8. All statements as defined in the Jencks Act, 18 U.S.C. § 3500, containing *Brady* or *Giglio* information, including:

 a. Written statements made by a government witness and signed or otherwise adopted or approved by him or her.

 b. Any stenographic, mechanical, electrical, or other recording, or a transcription of it, which is a substantially verbatim recital of an oral statement made by a witness to an agent of the government and recorded contemporaneously with the making of such oral statement.

 c. Any statement, however taken or recorded, or a transcription of it in any way made by a witness to a grand jury.

CAHILL GORDON & REINDEL LLP

- 5 -

9. Any evidence relevant to the bias or credibility of government witnesses (pursuant to *Giglio*), including but not limited to:

   a. All documents, tangible objects, and other information relating or referring to, or constituting, containing, reflecting, or suggesting any bias or hostility of any witness for the government against the defendant(s).

   b. Any and all promises or representations made to any person the government intends to call as a witness at the time of trial, including but not limited to, promises of non-prosecution, immunity, a lesser sentence, other types of leniency and/or favorable treatment.

   c. Copies of any and all documents containing allegations of or evidencing fraud, deceit, perjury, or lack of credibility or candor concerning any person the government intends to call as witness.

   d. The conviction record of all person(s) the government intends to call as witnesses at the time of trial, which convictions were punishable by death or imprisonment in excess of one year under the law under which the conviction was obtained, or which involved dishonesty or false statements, regardless of the punishment, within the meaning of Fed. R. Evid. 609(a).

   e. Any and all records and information revealing prior misconduct or bad acts attributed to each witness within the meaning of Fed. R. Evid. 404(b).

   f. All documents, tangible objects, or other information relating to the testimony of witnesses whom the government will call at trial, which reflect any contradiction or inconsistency with the anticipated trial testimony of that witness or other witnesses.

10. Any information and/or evidence tending to impeach or impair the credibility of Brian Sweet, other government witnesses, and/or other individuals mentioned in the indictment including, but not limited to:

    a. Plea agreements.

    b. Any promises, rewards, and/or inducements (financial or otherwise) offered, or any threats of criminal prosecution made, either directly or through counsel.

    c. Reports and/or records and/or handwritten notes reflecting statements to government agents and prosecutors, including SEC attorneys, or any other agents of the government, and any such documents which are in the

CAHILL GORDON & REINDEL LLP

- 6 -

    possession (including constructive possession), custody, or control of the government.

  d. Reports and/or records reflecting bad acts and/or crimes committed.

  e. Any and all differences between information provided to the government by Mr. Sweet, another government witness, and/or another individuals mentioned in the indictment, and information provided to the government in any proffers made by counsel.

11. Any information and/or evidence showing or tending to show that Mr. Whittle did not intend to defraud (a) the SEC (Count One) or (b) the PCAOB (Counts Two through Five).

12. Any other information and/or evidence favorable to Mr. Whittle, whether material or not, on the issue of guilt or punishment or which serves to impeach any government witness who will testify at trial.

13. Presentence investigation reports, if any, related to Mr. Sweet and/or any other witnesses the government intends to call to testify at trial.

*Other Requests*

14. Please provide notice of any intention by the government to introduce evidence against Mr. Whittle pursuant to Fed. R. Evid. 404(b), including a description of the nature of the evidence in sufficient detail to permit resolution of the issue of its admissibility before trial.

15. Please provide the substance of any oral or written statements made by each of Mr. Whittle's codefendants to prosecutors or their agents, to the SEC or its attorneys, to the PCAOB or its attorneys, or to KPMG or its attorneys — either in-house or outside counsel — that the government intends to introduce at trial, so Mr. Whittle can assert his rights pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), *Crawford v. Washington*, 541 U.S. 36 (2004), and their progeny.

16. Please provide copies of any statements made or adopted by any alleged co-conspirator, codefendant, or agent of Mr. Whittle, regardless of whether the government intends to introduce those statements at trial.

17. To avoid delays at trial, please provide at the earliest opportunity all witness statements, including rough notes, whether handwritten or electronically created, required to be provided to the defense pursuant to Fed. R. Crim. P. 26.2, 18 U.S.C. §3500, and applicable case law.

CAHILL GORDON & REINDEL LLP

- 7 -

\*     \*     \*

If there are items, material, or information in the government's possession which are responsive to the above requests, but which are not being produced due to an objection or for another reason, please provide the basis of the objection or other reason and provide a general description of the items, material, or information being withheld.

Mr. Whittle reserves the right to make additional requests if warranted by disclosures made by the government in response to the above requests.

Respectfully,

*[signature]*

Bradley J. Bondi
Nola B. Heller
Sean P. Tonolli

Amanda Kramer
Rebecca Mermelstein
Jessica Greenwood
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
1 St. Andrews Plaza
New York, NY 10007

BY E-MAIL