# Exhibit J



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 13, 2018

**BY ELECTRONIC MAIL**

Nelson Boxer
Amy Lester
Petrillo Klein & Boxer LLP
655 Third Avenue, 22nd Floor
New York, NY 10017

Greg Bruch
Bruch Hanna
1099 New York Ave., NW, Ste. 500
Washington, DC 20001

    Re: *United States v. David Middendorf, 18 Cr. 36 (JPO)*

Dear Counsel:

    The Government writes in response to your letter dated February 5, 2018. In your letter, you make various formal requests for discovery. The Government hereby writes to respond to those requests. As an initial matter, the Government is fully aware of its constitutional and statutory discovery obligations, and intends to comply with such obligations. Further, because the Government has not yet produced the bulk of the discovery in this matter, your detailed requests for information at this time are premature, as you have not yet had an opportunity to assess the nature, scope, and volume of the Government's discovery production.

    Requests 1 through 48 and 51 through 67 in your letter seek information concerning (i) the identities of various individuals, entities, and other descriptions that were anonymized in the Indictment; and (ii) a demand for particulars concerning the manner in which the Government will prove its case at trial and the precise manner in which the defendant committed the crime charged. With respect to (i), on February 12, 2018, the Government provided you with a list of the principal individuals and entities anonymized in the Indictment (SDNY-00029535). We do not believe that any further disclosure is warranted. With respect to (ii), those requests are fundamentally a request for a bill of particulars, which the Government believes is both premature and, in any event, unwarranted. *See, e.g., United States* v. *Mitlof,* 165 F. Supp. 2d 558, 569 (S.D.N.Y.2001) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Governments evidence or legal theories.").

Requests 50 and 51 in your letter seek information about unindicted co-conspirators. As a general matter, the Government is not required to disclose such information. However, a court may order such disclosure after balancing certain enumerated factors. *See United States* v. *Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000) (setting forth six factors for a court to consider when determining whether to order disclosure of the identity of unindicted co-conspirators). The Government does not intend to make the requested disclosure unless ordered to do so by the Court following appropriate analysis of such factors by the parties.

Requests (a), (c), and (d) in your letter seek material the Government is obligated to make available pursuant to Fed. R. Crim. P. 16. The Government is fully aware of its obligations under Fed. R. Crim. P. 16 and intends to comply with its obligations under that rule.

Request (e) calls for expert disclosure. The Government is aware of its obligations under Rules 702, 703, and 705 of the Federal Rules of Evidence and Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, and will provide any such expert disclosure sufficiently in advance of calling any expert witness at trial.

Request (f) calls for the disclosure of search warrants and wiretaps. On approximately February 9, 2017 the Government produced search warrants and accompanying affidavits executed during the investigation of the present matter. The Government is in the process of producing evidence obtained through these search warrants to you. The Government is not aware at this time of any information obtained in this matter through the use of wiretaps. If the Government becomes aware of any such information, the Government will produce such information.

Request (h) seeks proposals related to the authorization or re-authorization of the use of undercover law enforcement personnel. The Government does not believe it is under any obligation to produce such information, but represents that it is unaware of any such proposals relating to this investigation.

Request (i) seeks evidence the Government intends to introduce at trial pursuant to the residual hearsay exceptions set forth in Fed. R. Evid. 803 and 804. The Government is not aware of any obligation requiring it to disclose such information.

Request (j) and (m)(vi) call for the notice contemplated in Federal Rules of Evidence 609 or 404(b). The Government has not yet determined whether it seeks to introduce any evidence pursuant to those rules, but will provide any such notice sufficiently in advance of trial so that any impacted defendant can move in a timely fashion for appropriate relief. *See, e.g.*, *United States* v. *Ojikere*, 299 F. Supp. 2d 254, 257 (S.D.N.Y. 2004) ("Courts in this Circuit have routinely found that at least ten business days provides reasonable notice to a defendant under Rule 404(b).") (collecting cases).

Requests (g) and (k)(i) to (v) broadly calls for the production of material required to be produced pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963) and *Kyles* v. *Whitley*, 514 U.S. 419 (1995). The Government is aware of its obligation to produce material pursuant to *Brady* and its progeny and will make any such material available promptly upon discovery.

Requests (l) and (m) seeks production of Jencks Act material and material required to be produced pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972).  In keeping with the general practice in this District, the Government intends to produce impeachment material at the same time as Jencks Act material, which will be sufficiently in advance of trial in order for you and counsel for the other defendants in this matter to make effective use of such material at trial.

Request (n) seeks preservation of all reports, draft arrest reports, notes and memos pertaining to Mr. Middendorf.  The Government will preserve any such documents.

As always, following our production of discovery in this matter, we remain available to discuss any specific questions you might have about any particular item of discovery, or to discuss any additional requests for material that you might have.

          Very truly yours,

          Geoffrey S. Berman
          United States Attorney

     by:     /s/ Rebecca Mermelstein
          Rebecca Mermelstein
          Amanda Kramer
          Jessica Greenwood
          Assistant United States Attorneys
          (212) 637-2360/2478/1090