# Exhibit L

I155sweP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,                 New York, N.Y.

4              v.                                 Cr.     (KBF)(RWL)

5  BRIAN SWEET,

6                   Defendant.

7  ------------------------------x

8                                       January 5, 2018
                                        11:45 a.m.
9

10 Before:

11               HON. ROBERT W. LEHRBURGER,

12                                       Magistrate Judge

13

14                    APPEARANCES

15 GEOFFREY S. BERMAN
        Interim United States Attorney for the
16      Southern District of New York
   BY:   JESSICA GREENWOOD
17       AMANDA K. KRAMER
         REBECCA G. MERMELSTEIN
18       Assistant United States Attorneys

19 ORRICK, HERRINGTON & SUTCLIFFE, LLP
        Attorneys for Defendant
20 BY: ANDREW J. MORRIS
        RICHARD MORVILLO

21

22

23

24

25

I155sweP

```
1              (Case called)
2              MS. MERMELSTEIN:  Good morning, your Honor.  Rebecca
3     Mermelstein, Amanda Kramer and Jessica Greenwood for the
4     government.
5              MS. KRAMER:  Good morning, your Honor.
6              MS. GREENWOOD:  Good morning.
7              MR. MORVILLO:  Good morning, your Honor.  Richard
8     Morvillo and Andrew Morris from Orrick for the defendant.
9              THE COURT:  Good morning.  You may be seated.
10             Good morning, Mr. Sweet.
11             THE DEFENDANT:  Good morning.
12             THE COURT:  I am Magistrate Judge Lehrburger, as you
13    probably have been told.  I understand you are here because you
14    wish to enter a plea with respect to certain charges against
15    you.  How do you intend to plead today?
16             THE DEFENDANT:  Guilty, your Honor.
17             THE COURT:  You may be seated.
18             Deputy, can you please swear in the witness?
19             I need to have you sworn in because I'm going to ask
20    you a number of questions so I am going to need truthful
21    answers.
22             THE DEFENDANT:  Yes, your Honor.
23             THE DEPUTY CLERK:  Please stand and raise your right
24    hand.
25             (Defendant sworn)
```

I155sweP

1          THE COURT:  Do you understand that based on that oath,

2     that any statements you make here today, made under oath, may

3     be used against you in a prosecution for perjury or for making

4     false statements if you have not told the truth?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Failing to tell the truth today is a

7     crime.  Do you understand?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  I now have before me a Consent to Proceed

10    before a United States Magistrate Judge on a Guilty Plea

11    Allocution.  Have you signed this consent, Mr. Sweet?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  The form says you have the right to have

14    your plea taken by a United States district judge but you are

15    consenting to have it taken by me, a United States magistrate

16    judge.  As magistrate judge, I have the authority to take your

17    plea with your consent, and you will be entitled to all the

18    rights you would otherwise have if you were proceeding before a

19    district judge.  And if you were proceeding before a district

20    judge to trial, among other things and if you are found guilty,

21    you would be sentenced by a district judge and you would be

22    sentenced by a district judge in this case after you entered

23    your plea.

24          Do you understand that?

25          THE DEFENDANT:  Yes, your Honor.

I155sweP

1            THE COURT:  And, in signing the consent form, you do

2     it voluntarily and of your own free will?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  Did you discuss it with counsel?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  I will accept the consent and sign it.

7            The instrument or document I have by which you are

8     charged is an information.  You otherwise have the right to

9     proceed by indictment.  Does defendant waive indictment?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  So, I just need to explain that for a

12    little bit and make sure you have a full understanding.

13           Under the Constitution you have the right to be

14    charged by a grand jury rather than an information like this

15    that is issued by the U.S. Attorney, so if you give up your

16    right to proceed with an indictment you will be giving up your

17    right to have your matter considered by a grand jury.

18           Do you understand that?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  I have before me a form that is a waiver

21    of indictment.  Again, it appears to have your signature.  Did

22    you in fact sign this document?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  You discussed the consequences of waiving

25    indictment with your counsel?

I155sweP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And you discussed the advantages and

3     disadvantages of doing so?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Have any threats or promises been made

6     against you in order to waive indictment?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  So, do you wish to give up your right to

9     proceed before a grand jury?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  I will accept the waiver.

12          I have to ask you a number of questions to make sure

13     that you are competent to give your plea and that you are doing

14     so voluntarily and that you understand the rights that you may

15     be giving up and the consequences and penalties of doing so, so

16     I am going to start with asking you questions about competency.

17     If you don't understand any of my questions, please let me know

18     and I will rephrase them or restate them.

19          What is your full name?

20          THE DEFENDANT:  Brian John Sweet.

21          THE COURT:  How old are you?

22          THE DEFENDANT:  40 years old.

23          THE COURT:  I take it that English is your native

24     language?

25          THE DEFENDANT:  Yes, your Honor.

I155sweP

| | |
|---|---|
| 1 | THE COURT:  And you can read and write English, yes? |
| 2 | THE DEFENDANT:  Yes, your Honor. |
| 3 | THE COURT:  How far did you go in school? |
| 4 | THE DEFENDANT:  I earned a bachelors degree from the |
| 5 | University of Notre Dame. |

1          THE COURT:  And you can read and write English, yes?
2          THE DEFENDANT:  Yes, your Honor.
3          THE COURT:  How far did you go in school?
4          THE DEFENDANT:  I earned a bachelors degree from the
5     University of Notre Dame.
6          THE COURT:  Are you currently or have you recently
7     been under the care of a doctor, a psychiatrist, or a
8     psychologist?
9          THE DEFENDANT:  No, your Honor.
10          THE COURT:  Do you have any condition that affects or
11     impedes your ability to see or hear?
12          THE DEFENDANT:  No, your Honor.
13          THE COURT:  Do you have any condition that affects
14     your ability to think, to reason, or to render a decision on
15     behalf of yourself?
16          THE DEFENDANT:  No, your Honor.
17          THE COURT:  Have you ever been hospitalized for a
18     mental illness, alcoholism, or narcotics addiction?
19          THE DEFENDANT:  No, your Honor.
20          THE COURT:  As you sit here today are you under the
21     influence of any alcohol or mind-altering drug?
22          THE DEFENDANT:  No, your Honor.
23          THE COURT:  Do you feel all right today?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Do you feel okay in your mind?

I155sweP

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you understand what is happening here?

3              THE DEFENDANT:  Yes, I do.

4              THE COURT:  Have you seen a copy of the information

5    stating the charges against you?

6              THE DEFENDANT:  Yes, I have, your Honor.

7              THE COURT:  Have you read it?

8              THE DEFENDANT:  Yes, I have.

9              THE COURT:  Did you go over it with your counsel?

10             THE DEFENDANT:  Yes, I have.

11             THE COURT:  And did you discuss how you wish to plead

12   in light of those charges?

13             THE DEFENDANT:  Yes, I have.

14             THE COURT:  Has your attorney explained to you the

15   consequences of pleading guilty?

16             THE DEFENDANT:  Yes, they have.

17             THE COURT:  Does either counsel have any concerns or

18   objections about the defendant's competency to plead at this

19   time?

20             MS. MERMELSTEIN:  No, your Honor.

21             MR. MORVILLO:  None here, your Honor.

22             THE COURT:  I am now going to explain to you some of

23   the rights you will be giving up by pleading guilty.  These are

24   rights that you have under the United States Constitution so

25   please listen carefully and, again, if you don't understand

I155sweP

1   something I say or don't hear something I say, please, let me

2   know.

3           So, under the Constitution you have a right to plead

4   not guilty to the charges contained in the information.

5           Do you understand that?

6           THE DEFENDANT:  Yes, I do.

7           THE COURT:  If you plead not guilty you would be

8   entitled, under the Constitution, to a speedy and public trial

9   before a jury on those charges.  At that trial you would be

10  presumed innocent and the government would be required to prove

11  your guilt beyond a reasonable doubt and you could not be

12  convicted unless a jury of 12 people agreed unanimously that

13  you were guilty beyond a reasonable doubt.

14          Do you understand that?

15          THE DEFENDANT:  Yes, I do.

16          THE COURT:  And, if you decided to go to trial, at

17  that trial and every stage of the case you would have the right

18  to be represented by an attorney, and if you could not afford

19  one an attorney would be appointed for you.  My understanding

20  today you have retained counsel but if for any reason you ran

21  out of funds to continue to retain counsel, an attorney would

22  be appointed for you all the way through trial so your decision

23  today should not depend at all on whether you can afford to

24  hire an attorney.

25          Do you understand that?

I155sweP

1              THE DEFENDANT:  Yes, I do, your Honor.

2              THE COURT:  During a trial the witnesses for the

3    prosecution would have to come to court and testify in your

4    presence where you could see and hear them and your counsel

5    would have the right to cross-examine them and, if you wanted,

6    your lawyer could offer evidence on your behalf and you would

7    be able to use the Court's subpoena power to compel witnesses

8    to come to court on your behalf, even if they didn't want to.

9              Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  At a trial you would have the right to

12   testify in your own defense but you would also have the right

13   not to testify and if you chose not to testify, that could not

14   be used against you in any way or no inference could be drawn

15   as to your guilt concerning the charges against you.

16             Do you understand that?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  If you are convicted at trial you would

19   have the right to appeal that verdict to a higher court.

20             Do you understand that?

21             THE DEFENDANT:  Yes, I do.

22             THE COURT:  As I said before, you have the right to

23   plead not guilty, even right now.  You can change your mind if

24   you so choose but if you do plead guilty and if I accept your

25   plea, you will give up the right to a trial and all other

I155sweP

1   rights that go with it that I have just described.  If you

2   plead guilty there will be no trial.  All that will remain will

3   be for the District Court judge to impose sentence.

4          You and the government will have the chance to make

5   arguments about sentencing but there will not be any further

6   trial to determine your guilt or innocence regarding the

7   charges.

8          Do you understand that?

9          THE DEFENDANT:  Yes, I do.

10         THE COURT:  Finally, if you do plead guilty, you are

11  also giving up the right not to incriminate yourself and I will

12  ask you questions about what you did.  I am going to ask you

13  questions here in order to satisfy myself that you are actually

14  guilty.  By pleading guilty you will be admitting both factual

15  and legal guilt.

16         Do you understand that?

17         THE DEFENDANT:  Yes, I do.

18         THE COURT:  I am now going to review with you charges

19  to which you intend to plead guilty, those are Counts One and

20  Two of the information.  Count One of the information charges

21  the defendant with conspiracy to defraud the United States from

22  at least in or about April 2015 through in or about February

23  2017 by misappropriating, obtaining, sharing, and using

24  confidential information, misappropriated from the Public

25  Company Accounting Oversight Board, known as PCAOB, in order to

1    fraudulently affect PCAOB inspection outcomes, the results of

2    which are required to be and are reported to the United States

3    Securities and Exchange Commission, known as the SEC, and are

4    utilized by the SEC in the lawful function performing its

5    government functions, thereby impeding, impairing, defeating

6    and obstructing the lawful function of the SEC in violation of

7    Title 18, United States Code, 371.

8             I am going to ask the United States attorney to state

9    the elements of what would be required to prove this count.

10            MS. MERMELSTEIN:  The elements of that count, your

11   Honor, are first that the defendant enter into an agreement

12   with at least one other person, that the object of the

13   agreement was to obstruct a lawful function of the government

14   by deceitful or dishonest means, and that at least one overt

15   act was committed in the Southern District of New York.

16            THE COURT:  Thank you.

17            With respect to the charge one which you are pleading,

18   I need to understand the maximum penalty that can be imposed

19   with that count and then I am going do the same with respect to

20   the second count to which you are pleading.  The maximum for

21   Count One carries a maximum sentence of imprisonment of five

22   years, a maximum term of supervised release of three years, and

23   you should understand that if you are placed on supervised

24   release and thereafter violate any condition of that supervised

25   release, the district judge can revoke the term of supervised

1   release previously imposed and return you to prison without

2   giving you any credit for time previously served on

3   post-release supervision.

4            Do you understand that?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  So, there is a, as I said, a maximum term

7   of supervised release of three years, there is a maximum fine

8   of up to $250,000 or -- that's the greatest of $250,000 or

9   twice the gross pecuniary gain derived from the offense or

10  twice the gross pecuniary loss to a person other than the

11  defendant as a result of the offense.  There is also a

12  mandatory special assessment of $100.

13           In addition, there is a requirement of restitution in

14  an amount to be specified by the Court and an admission to

15  forfeiture to require you to forfeit any and all property, real

16  or personal, that constitutes or is derived from the commission

17  of the offenses alleged in the count.

18           Do you understand?

19           THE DEFENDANT:  Yes, I do, your Honor.

20           THE COURT:  Count Two of the information charges you

21  with conspiracy to commit wire fraud from at least in or about

22  April 2015, through in or about February 2017 in connection

23  with your participation in a scheme to defraud the PCAOB by

24  misappropriating, embezzling, obtaining, sharing, and using the

25  PCAOB's valuable confidential information in violation of

I155sweP

1  Title 18, United States Code, Section 1349.

2           Counsel, can you please explain what the elements are

3  of this offense?

4           MS. MERMELSTEIN:  Yes, your Honor.

5           The elements are that are two or more persons entered

6  into a conspiracy to commit wire fraud and that the defendant

7  knowingly and willfully became a member of the conspiracy.

8  There is no overt act requirement for conspiracy to commit wire

9  fraud.  With respect to the underlying wire fraud, the

10 government has to prove that the defendant participated in a

11 scheme to defraud involving interstate wires, that is to say,

12 for example, e-mails or telephone calls, placed between, in

13 this case, California and New York.

14           THE COURT:  Thank you.

15           Count Two carries a maximum sentence of imprisonment

16 of 20 years, a maximum term of supervised release of three

17 years, a maximum fine of up to the greatest of $250,000, twice

18 the gross pecuniary gain derived from the offense or twice the

19 pecuniary loss to a person other than the defendant as a result

20 of the offense and, again, a mandatory special assessment of

21 $100.

22           You are also subject to penalty of restitution in an

23 amount to be specified by the Court and, as I indicated before,

24 forfeiture of any and all property, real or personal, that

25 constitutes or is derived from the commission of the offenses

I155sweP

1    alleged in Count Two.

2            I also understand that at least two weeks prior to the

3    date of sentencing you have agreed to file with the IRS and

4    provide copies to the office accurate amended tax returns for

5    the years 2014 and 2015 and will pay or will enter into an

6    agreement to pay past taxes due and owing by you to the

7    Internal Revenue Service including applicable penalties, if

8    any, on such terms and conditions as will be agreed upon

9    between you and the Internal Revenue Service.

10           MS. MERMELSTEIN:  Your Honor, I'm so sorry to

11   interrupt.  The parties made a small change to those dates in

12   the hard copy and initialed it and I wonder if you have an

13   unsigned copy in front you.

14           THE COURT:  I do.  I am working from a different copy.

15           MS. MERMELSTEIN:  It doesn't reflect the change?  It

16   now reads:  The years 2012 through 2016, as necessary.

17           THE COURT:  So noted.  Thank you.

18           MS. MERMELSTEIN:  Thank you.

19           THE COURT:  And with regard to the maximum sentence

20   that I indicated, there are two counts to which you are

21   pleading guilty so the maximum sentence of incarceration is a

22   consecutive sentence of 25 years' imprisonment, in total.

23           Have you understood everything I have said so far?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  At this time I would ask counsel for the

I155sweP

1    defense and the plaintiff and the defendant himself to approach

2    so that we can have a side bar.

3                (Continued next page)

I155sweP

1              (At side bar)

2              THE COURT:  Mr. Sweet, as part of the agreement there

3    is a provision that the government may provide a motion for

4    making motion to the sentencing judge on your behalf in light

5    of your assistance and cooperation in this case.  However, you

6    should understand that that is not a guarantee and that it is

7    within the discretion of the government to determine what

8    assistance you have given, the sufficiency of it, and what

9    recommendation, if any, should be made in light of that.

10             Do you understand?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Thank you.  Everybody may return.

13

14

15

16

17

18

19

20

21

22

23

24

25

I155sweP

```
 1              (In open court)
 2              THE COURT:  I also need to advise you of the following
 3    which is if you are not a citizen of the United States, then
 4    your guilty plea may also have adverse consequences for your
 5    ability to remain in or return to the United States including
 6    removal, deportation, denial of citizenship, and denial of
 7    admission to the United States in the future.  If that does
 8    happen, you will still be bound by your guilty plea, that is,
 9    you will not be able to withdraw it, regardless of any advice
10    that you have received from counsel or others regarding
11    immigration consequences of your plea.
12              Do you understand that?
13              THE DEFENDANT:  Yes, your Honor.
14              THE COURT:  And, summing up in this regard, do you
15    understand the charges against you and the consequences of
16    pleading guilty to Counts One and Two?
17              THE DEFENDANT:  Yes, your Honor.
18              THE COURT:  I now have a few questions for you to
19    ensure that the plea you are giving is fully voluntary.  So,
20    has anyone threatened, forced, or coerced you in any way,
21    either directly or indirectly, to plead guilty?
22              THE DEFENDANT:  No, your Honor.
23              THE COURT:  It is mentioned before there is a plea
24    agreement in this case and I just need to find the original,
25    which I have, and it is a five-page agreement dated January 4,
```

I155sweP

1   2018, appears to have your signature.  Did you in fact sign

2   this plea agreement?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  Did you discuss it with counsel before

5   signing it?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  Did you have the consequences explained to

8   you and the terms explained to you?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  Do you understand the terms and conditions

11  of that agreement?

12           THE DEFENDANT:  Yes, I do, your Honor.

13           THE COURT:  Aside from what is contained in this

14  letter, have any promises been made to you in order to get to

15  you plead guilty?

16           THE DEFENDANT:  No, your Honor.

17           THE COURT:  So, do you understand that as long as the

18  sentencing judge, the district judge, imposes a term up to the

19  maximum of what is stated in this letter, you are giving up

20  your right to challenge your sentence, whether by direct

21  appeal, writ of habeas corpus, or otherwise?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Do you understand that by pleading guilty

24  you also will not be able to appeal the fine up to the maximum

25  amount described in this letter, any lawful sentence of

I155sweP

1   supervised release, any restitution that is ordered by the

2   Court, or any forfeiture as set forth in the agreement?

3              Do you understand this?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you also understand the same, you are

6   giving up your right to appeal with respect to the penalties

7   and payments have you agreed to make to the IRS?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  I want you to understand that the

10  sentencing judge has full discretion to impose a sentence that

11  he or she believes is appropriate and allowed under the law and

12  that whatever agreement there exists between you and the

13  government, the judge is still free to impose the sentence that

14  he or she decides is appropriate in his or her discretion.

15             Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  And that even if a sentence is imposed

18  that disappoints you or surprises you, you are not entitled to

19  withdraw your plea on that basis.

20             Do you understand?

21             THE DEFENDANT:  Yes, I do, your Honor.

22             THE COURT:  Do you understand that there are certain

23  factors that the Judge may consider in deciding what sentence

24  to impose?

25             THE DEFENDANT:  Yes, your Honor.

I155sweP

```
 1              THE COURT:  Do you understand that there are
 2   sentencing guidelines that may apply to your case that will
 3   inform the Court as to what sentence to impose?
 4              THE DEFENDANT:  Yes, your Honor.
 5              THE COURT:  And, in issuing its sentence, the Court
 6   will also consider a presentence report prepared by the
 7   probation department in advance of your sentencing.  Before you
 8   are sentenced, you and the government will have an opportunity
 9   to challenge the facts reported by the probation officer.
10              Do you understand that?
11              THE DEFENDANT:  Yes, your Honor.
12              THE COURT:  Are there any additional aspects of the
13   consequences of penalties that the government or defense
14   counsel would like me to explore with the defendant that he
15   understands?
16              MS. MERMELSTEIN:  No, your Honor.
17              MR. MORVILLO:  No, your Honor.
18              THE COURT:  Mr. Sweet, now that you have been advised
19   of the charges against you, the possible penalties you face and
20   the rights you are giving up, is it still your intention to
21   plead guilty to Counts One and two of the information?
22              THE DEFENDANT:  Yes, your Honor.
23              THE COURT:  Is your plea voluntary and made of your
24   own free will?
25              THE DEFENDANT:  It is voluntary, your Honor.
```

I155sweP

1              THE COURT:  Mr. Sweet, with respect to Count One of

2      the information how do you plead; guilty or not guilty?

3              THE DEFENDANT:  Guilty.

4              THE COURT:  And with respect to Count Two of the

5      information, how do you plead; guilty or not guilty?

6              THE DEFENDANT:  Guilty, your Honor.

7              THE COURT:  Can you please tell me in your own words

8      what it is that you did in violation of the law?

9              THE DEFENDANT:  From at least in or about April 2015

10     up to and including in or about February 2017, I and others,

11     willfully and knowingly, agreed and did obtain, share, and use

12     confidential information from the PCAOB in order to affect

13     PCAOB inspection outcomes which are, in turn, reported to the

14     SEC.  The PCAOB transmits inspection reports to the SEC which

15     uses those inspection reports to carry out its regulatory

16     oversight and enforcement functions.  In connection with these

17     crimes, I and others used e-mail and telephones across state

18     lines.

19             THE COURT:  When you committed these acts, did you

20     know that they were illegal and in violation of law?

21             THE DEFENDANT:  I did not have an understanding of

22     that at the time, your Honor, but I do understand that now.

23             THE COURT:  And where did you commit these acts?

24     Where were you when you committed them?  In general, geographic

25     area.

I155sweP

 1            THE DEFENDANT:  Geographically would include New York

 2   and California.

 3            THE COURT:  And you say New York; what part of New

 4   York?

 5            THE DEFENDANT:  Manhattan.

 6            THE COURT:  Are there any additional questions that

 7   you would like me to ask the defendant?

 8            MS. MERMELSTEIN:  No, your Honor.

 9            I would just proffer to the Court, I don't think there

10   is any dispute that the confidential PCAOB information with

11   respect to the wire fraud count had monetary value to the

12   PCAOB.

13            THE COURT:  Do you believe that there is a sufficient

14   factual predicate for a guilty plea?

15            MS. MERMELSTEIN:  Yes, your Honor.

16            I think, similarly, with respect to the telephone

17   calls and e-mails that constitute the wires in the case, we

18   would proffer that many of them took place between the Southern

19   District of New York and California and thus constitutes overt

20   acts in the Southern District of New York.

21            THE COURT:  Understood.

22            MS. MERMELSTEIN:  No further questions, your Honor.

23            THE COURT:  Does the government represent that it has

24   sufficient evidence to establish guilt beyond a reasonable

25   doubt?

I155sweP

1              MS. MERMELSTEIN:  Yes, your Honor.

2              THE COURT:  Let me ask defense counsel, are there any

3    additional questions you would like me to ask the defendant?

4              MR. MORVILLO:  No thank you, your Honor.

5              THE COURT:  Do you believe there is a sufficient

6    factual predicate for a guilty plea?

7              MR. MORVILLO:  I do, your Honor.

8              THE COURT:  Do you know of any defense that would

9    prevail at trial or other reason why your client should not be

10   permitted to plead guilty?

11             MR. MORVILLO:  No, your Honor.

12             THE COURT:  Thank you.

13             Mr. Sweet, on the basis of your responses to my

14   questions and my observations of you in court today, I find

15   that you are competent to enter a plea and an informed guilty

16   plea and that there is a factual basis for it.  I am satisfied

17   that you understand your rights, that you are aware of the

18   consequences of your pleading guilty, and that you have

19   admitted that you are guilty as charged in Counts One and Two

20   of the information.

21             For these reasons, I recommend the district judge

22   accept your plea.

23             I assume the government will order a copy of the

24   transcript and will submit it to the sentencing judge together

25   with any additional paperwork.

I155sweP

1            MS. MERMELSTEIN:  Yes, your Honor.

2            THE COURT:  Has the district judge in fact set a

3    sentencing date?

4            MS. MERMELSTEIN:  No, your Honor, but we will inform

5    Judge Forrest's chambers of the plea and ask for a control

6    date.

7            THE COURT:  Okay.  And, I direct that a presentence

8    report be prepared.

9            Will the government be able to deliver a case summary

10   for purposes of the presentence report to the probation

11   department within 14 days?

12           MS. MERMELSTEIN:  We actually are not asking that a

13   presentence report be prepared at this time.  In advance of

14   sentencing we will ask Judge Forrest to indicate she wants the

15   report prepared.

16           THE COURT:  In that case, you are okay if defense

17   counsel and defendant do not make themselves available within

18   the next 14 days?

19           MS. MERMELSTEIN:  Yes, your Honor.

20           THE COURT:  Thank you.

21           I understood you said that you were going to be

22   seeking a control date but I would like to set one down just to

23   make sure there is something in the case.  So, can we go 90

24   days out to May 7th?

25           My deputy has informed me that I went out further than

I155sweP

1    I wanted to for 90 days, so April 9th would be a 90-day mark.

2    Is that okay?

3              MS. MERMELSTEIN:  Yes, your Honor.

4              MR. MORVILLO:  That's fine, your Honor.

5              THE COURT:  I understand there is a bail application

6    for release pending trial; is that correct?

7              MS. MERMELSTEIN:  Yes, your Honor.  We have a proposed

8    package for your consideration on consent.

9              THE COURT:  And what is that?

10             MS. MERMELSTEIN:  A $500,000 personal recognizance

11   bond to be co-signed by the defendant and his wife, travel

12   restricted to the continental United States, the surrender of

13   the defendant's U.S. and expired U.K. passport, regular

14   pretrial supervision.

15             The pretrial services report indicates the surrender

16   of firearms.  The defendant has actually already surrendered

17   his firearms many months ago to local law enforcement but he

18   will provide proof to pretrial services that that has occurred

19   and those are the conditions.

20             With respect to the defendant, the signature of the

21   defendant's wife who is not in New York, the government -- and

22   the surrender of the passports which are not in New York, the

23   government has no problem with that taking place within the

24   next week.

25             THE COURT:  Defense counsel, are you in agreement on

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

I155sweP

1   these terms?

2           MR. MORVILLO:  Yes, we are, your Honor.

3           THE COURT:  The Court will accept these terms and we

4   will issue orders appropriately.

5           Is there an application to seal the transcript in this

6   proceeding?

7           MS. MERMELSTEIN:  Yes, your Honor; as well as the

8   application to delay docketing which we have just passed up.

9           THE COURT:  Does defense counsel join in that?

10          MR. MORVILLO:  Yes, your Honor, we do.

11          THE COURT:  I find that there are appropriate grounds

12  to do so and will sign a sealing order for this case.

13          Is there anything else from either side?

14          MS. MERMELSTEIN:  No, your Honor.

15          MR. MORVILLO:  No thank you, your Honor.

16          THE COURT:  Okay.  Mr. Sweet, I wish you well and good

17  luck.

18          THE DEFENDANT:  Thank you.

19          THE COURT:  We are adjourned.

20                              o0o

21

22

23

24

25