# Exhibit M



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 1, 2018

**BY ELECTRONIC MAIL**

All Counsel of Record

    Re:    **United States v. David Middendorf, et al.,**
             **18 Cr. 36 (JPO)**

Dear Counsel:

    The Government writes in response to the various discovery requests to which the Government has not already responded (the "Discovery Requests").[1]  As an initial matter, the Government is aware of its obligations under Rule 16 of the Federal Rules of Criminal Procedure and intends to comply with its obligations under that rule.  The Government is also aware of its constitutional and statutory discovery obligations, and intends to comply with such obligations.

    Many of your Discovery Requests seek premature trial-related disclosures.  With respect to your request for pretrial disclosures concerning experts, the Government is aware of its obligations under the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and will provide expert disclosure sufficiently in advance of calling any expert witness at trial.  With respect to your request for other early disclosures (*e.g.*, notice pursuant to Rule 404(b) of the Federal Rules of Evidence, and material pursuant to 18 U.S.C. § 3500), the Government will provide such disclosures in a timely manner in advance of trial.  *See, e.g.*, *United States v. Ojikere*, 299 F. Supp. 2d 254, 257 (S.D.N.Y. 2004) ("Courts in this Circuit have routinely found that at least ten business days provides reasonable notice to a defendant under Rule 404(b).") (collecting cases).

    The Discovery Requests also contain general requests for impeachment material and witness statements on a variety of topics (*e.g.*, the identities of employees of the Public Company Accounting Oversight Board (the "PCAOB") Brian Sweet met with who did not know he was seeking to obtain information from them; statements of SEC and PCAOB witnesses concerning the SEC's oversight of the PCAOB; documents concerning the Government's involvement in Brian Sweet's post-plea letter to the Court; and the plea agreement for Brian Sweet, among others).

---

[1] Specifically, this letter responds to: the March 27, 2018 letter submitted by Nelson Boxer on behalf of David Middendorf; the May 4, 2018 letter submitted by Melinda Haag and Robert Stern on behalf of David Britt; the May 9, 2018 letter submitted by Stephen Cook on behalf of Jeffrey Wada; the May 17, 2018 letter submitted by Norman Bloch on behalf of David Middendorf, David Britt, Thomas Whittle, and Cynthia Holder; and the May 21, 2018 letter submitted by Bradley Bondi, Nola Heller, and Sean Tonolli on behalf of Thomas Whittle.

The Government does not believe that any of these are *Brady* material requiring disclosure at this time.  To the extent such material is in the possession, custody, and control of the Government, in keeping with the general practice in this District, the Government will produce such material at the same time as Jencks Act material, which will be sufficiently in advance of trial to make effective use of such material.

You have also requested any Pretrial Services Report concerning Brian Sweet.  Even if you were entitled to such a report, which the Government does not concede you are, the Government is not in possession of any such report.

Your request that the U.S. Attorney's Office for the Southern District of New York (this "Office") search the files of the United States Securities and Exchange Commission (the "SEC") and the PCAOB for all Rule 16, *Giglio*, and *Brady* material that may have been gathered in their parallel investigations is unfounded and meritless.  In any event, such a request would likely yield no results based on our understanding that KPMG produced the same materials to this Office as it produced to the SEC and the PCAOB (which were then produced to you in discovery), and that the SEC did not take notes during witness interviews in which it participated.

Your assertion that the Government may have constructive possession of materials in the possession, custody, and control of KPMG is wrong.  The Government does not have constructive possession of materials in the files of KPMG.  Your request for all communications between this Office, the SEC, and KPMG for the stated purpose of assessing whether the Government "has constructive possession of KPMG files related to this matter" is also unfounded and meritless.

In connection with your request for information concerning the manner in which the defendants' cell phones were obtained by KPMG, please be advised that KPMG obtained and searched the defendants' cell phones of its own volition in connection with its internal investigation.  Our understanding is that this was not done pursuant to a request made by this Office, or by any other component of the Department of Justice, the SEC, or the PCAOB.

In addition, and from an abundance of caution and pursuant to our discovery obligations, the Government wishes to inform you of the following information:

- In meetings with the Government (and via attorney proffer), George Hermann has stated, in substance and in part, that on one occasion in or about March 2016, David Middendorf said he didn't know how the list came about or if it was authentic, and that on or about February 4, 2017, in a phone call with David Britt, Britt told Hermann that Britt had received from Brian Sweet a list of approximately 50 engagements to be inspected in the upcoming inspection cycle and was upset.

- The following individuals have indicated that they were aware, to varying extents, of Brian Sweet's and/or KPMG's possession of confidential PCAOB information concerning inspection targets and did not realize or think such conduct was

criminal, or believed such conduct was okay because Sweet and/or others at KPMG had the information, or did not believe the information was confidential: John Atkinson, Dabie Tsai, Jennifer Lauer, Jennifer Stemple, Peter Torrente, Scott Henderson, Thomas Garton, Christopher VanVoorhies, and William O'Leary.

- The following individuals have expressed the view that changes made to audit work papers in 2016 were not substantive: Jennifer Lauer, Peter Torrente, Chris Brown, and Diana Kunz.

Your request for a bill of particulars is unwarranted in light of the detailed nature of the Indictment in this case and the comprehensive discovery. *See, e.g., United States v. Mitlof,* 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Governments evidence or legal theories.").

As always, we remain available to discuss any specific questions you might have about any particular item of discovery, or to discuss any additional requests for material that you might have.

Very truly yours,

Geoffrey S. Berman
United States Attorney

by: _____/s/_____
    Rebecca Mermelstein
    Amanda Kramer
    Jessica Greenwood
    Assistant United States Attorneys
    (212) 637-2360/2478/1090