# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:       (917) 273-2693
nboxer@pkbllp.com

February 4, 2019

**By ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY  10007

    Re:    *United States v. David Middendorf, et al.*, 18 Cr. 36 (JPO)

Dear Judge Oetken:

    On behalf of defendant David Middendorf, we write with respect to one aspect of the Court's December 6, 2018, Order (Dkt. 140) governing pretrial deadlines – namely, the requirement that the defense disclose to the government a witness list and any Rule 26.2[1] statements no later than today.

    In accordance with the Court's Order, we intend to identify today to the government several defense witnesses and produce their Rule 26.2 statements in our possession.[2]  There are several other persons, however, whom we may or may not call to testify, which we will decide after the government's opening statement and initial presentation of evidence; we do not intend to provide those names and any Rule 26.2 statements to the government at this time.  We understand the Court's deadline not to require us to identify and produce Rule 26.2 statements for these persons at this time, and we are reluctant to do so, because producing their statements before the government even opens to the jury and presents any evidence will reveal defense strategy and, in effect, would compel the defense to present a case before having been confronted with any evidence whatsoever.  Put another

---

[1] *See* Fed. R. Crim. P. 26.2(a) ("After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.").

[2] The defense witness list will reflect, as did the government's list, our present view of anticipated defense witnesses for trial, without prejudice to supplementation and amendment as trial approaches and proceeds.

February 4, 2019
Page 2

way, it cannot be that the presumption of innocence afforded Mr. Middendorf, as well as the burden of proof resting solely on the government, also allows the government to adjust its opening statement based upon the identification of defense witnesses that we may or may not call to testify and production of their accompanying Rule 26.2 materials.

We appreciate that we did not squarely address this issue in our prior correspondence with the Court regarding pretrial deadlines and, if anything, appeared to accept the requirement to produce a defense witness list as long as a similar requirement was imposed upon the government. We are also mindful of the government's (and the Court's) concern with "mid-trial" delays (the only basis the government previously proffered for the pretrial production of these items).[3] Given the government's current estimate of an approximately three- to four-week case, we intend, by February 15, to identify and produce Rule 26.2 material for all defense witnesses which we as of that date may call to testify in our defense case, long before the anticipated start of any defense case and so as not cause any mid-trial delay.

Respectfully submitted,

*[signature]*

Nelson A. Boxer
Amy Lester
Alexandra R. Clark
Petrillo Klein & Boxer LLP
 - *and* -
Gregory S. Bruch
Khiran Sidhu
Bruch Hanna LLP

*Counsel for David Middendorf*

---

[3] The government, in its November 26, 2018, submission, stated that the defendants "should be required to disclose a witness list and corresponding witness statements … to avoid mid-trial delays." Dkt. 137 at 1; *see also id.* at 4 ("The Trial Defendants proposed scheduled omits" a date to identify defense witnesses and produce Rule 26.2 statements, "but one should be set to avoid undue delays during trial.").