

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 6, 2019

**BY ECF**

Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

     Re:    **United States v. David Middendorf, et al.,**
             **18 Cr. 36 (JPO)**

Dear Judge Oetken:

     The Government respectfully writes in opposition to defendant Middendorf's March 5, 2019 letter regarding the wire fraud jury charges.

     The defendant's position – that a scheme to defraud involving the misappropriation of confidential information is complete upon the misappropriation of the information – is contrary to one of the very cases upon which the defendant relies, *United States v. O'Hagan*, 521 U.S. 642 (1997). There, the Supreme Court considered whether the misappropriator's deceptive use of the confidential information was "in connection with the purchase or sale of [a] security." *Id.* at 655-56. The Court found that it was, because the fraud was complete when the information was used to purchase or sell securities – not when the confidential information was taken. *Id.* at 656. The Court expressly distinguished such a case from a case involving the embezzlement of money, when the embezzlement would be complete at the time the money was embezzled.

     So too here. This is not a case involving the embezzlement of money. This is a case involving the misappropriation of confidential information from the PCAOB and the fraudulent use of that information in PCAOB inspections, unbeknownst to the PCAOB. In 2016 and 2017, the scheme to defraud begins when Wada misappropriates the information, and it continues as the misappropriated information is shared and used by KPMG in connection with PCAOB inspections. Similarly, in 2015, the scheme begins when Sweet relays the confidential information to his co-conspirators within KPMG and continues as the information is used in

connection with inspections.  Accordingly, defendant's requested instruction should be rejected.

                                    Respectfully submitted,

                                    GEOFFREY S. BERMAN
                                    United States Attorney

by: _____/s/_____
     Rebecca Mermelstein/Amanda Kramer/Jordan Estes
     Assistant United States Attorneys
     (212) 637-2360/2478/2543

cc:  Counsel of Record (by ECF)