*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 22, 2019

**BY ECF**

Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    **United States v. David Middendorf, et al.,**
             **18 Cr. 36 (JPO)**

Dear Judge Oetken:

      The Government writes with respect to how restitution should be allocated among the defendants in the above-captioned case, as well as *United States v. Brian Sweet*, 18 Cr. 08 (JPO).

      The PCAOB is entitled to restitution for the pecuniary losses that it suffered as a result of the loss of its property. *See* 18 U.S.C. §§ 3663A(b)(1)(A)-(B), (c)(1)(A)(ii). At the sentencings of Cynthia Holder, David Middendorf, and Jeffrey Wada, the Court determined that the pecuniary harm to the PCAOB under the United States Sentencing Guidelines was reasonably estimated as $829,863, the PCAOB's response costs to the criminal conduct in 2016 and 2017. The Government submits that this same amount is also a "reasonable approximation" for restitution purposes. *See United States v. Gushlak*, 728 F.3d 184, 196 (2d Cir. 2013) (noting that restitution "requires only a reasonable approximation of losses supported by a sound methodology"). The Government further submits that this restitution amount should be joint and several among all defendants – David Middendorf, Jeffrey Wada, Cynthia Holder, David Britt, Thomas Whittle, and Brian Sweet – because each of the defendants participated in the criminal scheme in 2016 and 2017.

      The PCAOB is further entitled to expenses incurred during its participation in the Government's investigation and prosecution of the offense. *See* 18 U.S.C. § 3663A(b)(4). The PCAOB previously submitted a Victim Impact Statement setting forth its expenses, *see* Dkt. No. 358-1, and has since prepared an additional statement further breaking down the expenses, which is attached as Exhibit 1. Based on these two statements, the Government submits that restitution for these expenses should be allocated between the defendants as follows:

1. The $125,265.90 incurred in attorneys' fees for the pre-indictment investigation, from April 21, 2017, through January 21, 2018, should be joint and several among all defendants.

2. On January 5, 2018, Brian Sweet pleaded guilty. The $18,204.05 incurred in attorneys' fees from January 22, 2018, to October 15, 2018, should be joint and several among all defendants other than Brian Sweet.

3. On October 16, 2018, Cynthia Holder pleaded guilty, and on October 22, 2018, Thomas Whittle pleaded guilty. The $270,417.05 incurred in attorneys' fees from October 16, 2018, to February 10, 2019, should be joint and several among the remaining defendants: David Middendorf, Jeffrey Wada, and David Britt.

4. The $200,830.50 incurred in attorneys' fees from February 11, 2019 to March 11, 2019, in connection with the trial of David Middendorf and Jeffrey Wada, should be joint and several between Middendorf and Wada.

5. The $50,906.50 in attorneys' fees incurred from March 12, 2019 to June 2, 2019, in connection with the preparation of the Victim Impact Statement, should be joint and several among all defendants.

To the extent the PCAOB incurred additional attorneys' fees in preparation for the scheduled trial of David Britt, the Government will submit additional information on those fees in advance of Britt's sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: _____/s/_____
Jordan Estes/ Margaret Graham/ Martin Bell
Assistant United States Attorneys
(212) 637-2360/ 2543/ 2923/ 2463

cc: Counsel of Record (by ECF)